*In re* Frank BOKELOH, Gabriele Bokeloh and John Daugherty Realtors, Inc. and Maureen Boyd, Relators.

No. 14–00–00366–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

June 28, 2000.

David A. Carp, James A. Dunn, J. Richard Hargis, Houston, for Relator.

Thomas G. Bousquet, Houston, for Respondent.

Panel consists of Justices MAURICE E. AMIDEI, ANDERSON and FROST.

## OPINION

KEM THOMPSON FROST, Justice.

In this original proceeding, relators seek a writ of mandamus directing the trial court to vacate its May 4, 1999, order of reinstatement entered in the trial court cause number 98–37222, styled *Thomas Bousquet Jr., et ux. v. Frank Bokeloh, et ux.* Relators contend the order of reinstatement is void because the trial court's plenary power expired before the entry of the order. We agree and conditionally grant the writ of mandamus.

### I. FACTUAL AND PROCEDURAL BACKGROUND

In August 1998, the real parties in interest, Thomas and Denise Bousquet (the "Bosquets"), filed suit in the 80th Judicial District Court of Harris County against relators, Frank Bokeloh, Gabriele Bokeloh, John Daugherty Realtors, Inc. and Maureen Boyd, for alleged misrepresentations arising out of the sale of real estate. The Bosquets encountered problems in their attempts to obtain service of process on the relators and on March 18, 1999, the trial court notified them of its intent to dismiss their case on March 29, 1999, for want of prosecution. Citing the absence of service or a filed answer as grounds for dismissal of the case, the trial court's notice informed the Bosquets that their case would be dismissed unless "a default judgment is signed, an answer is filed, or service is accomplished." In response, they filed a verified motion to retain on March 29, 1999. The motion explained that they diligently had attempted to serve relators, who were now back in the United States after having been out of the country "for some time."[1] The Bosquets claimed they needed additional time, not for delay, but to obtain service of process. They requested the trial court to retain the case on the docket until June 28, 1999.

---

1. Although the Bokelohs lived near London, England for some period of time, the other relators/defendants John Daugherty Realtors, Inc. and Maureen Boyd are residents of Houston, Harris County, Texas. The Bosquets offered no explanation for their failure to obtain service on these parties.

The trial court dismissed the case on March 31, 1999; however, the court clerk's notice of the dismissal is postmarked April 29, 1999. The Bosquets claim their counsel received it on May 3, 1999, and immediately contacted the trial court's administrative staff to point out that they had filed a motion to retain before the dismissal. On May 4, 1999, the trial court reinstated the case on its own motion. Thereafter, relators were served and answered the lawsuit.

Trial was set for April 3, 2000. In February 2000, relators moved the trial court to vacate its order of reinstatement, alleging the court did not have jurisdiction to enter it. On March 6, 2000, the Bosquets filed a response that also purported to be a sworn motion establishing the date their counsel first received actual knowledge of the dismissal (via the clerk's post card notice of dismissal and final judgment). The Bosquets, however, insisted there was no need for a hearing on the matter because the trial court already had reinstated the case. The trial court denied relators' motion to vacate the order of reinstatement, prompting them to file a petition for writ of mandamus in this court. Relators claim the trial court's ruling attempting to reinstate the case is void, and ask this court to compel the trial court to vacate its order of reinstatement.

With the April 2000 trial setting fast approaching, relators moved for a continuance in the lower court. When, four days before trial, the court below had not ruled on that motion, relators filed an emergency motion for a stay in this court, seeking relief from the imminent trial setting.[2] We stayed the trial court proceedings to protect this court's jurisdiction pending our ruling on the petition for writ of mandamus.

## II. STANDARD OF REVIEW

■■■ Mandamus is intended to be an extraordinary remedy, available only in very limited circumstances "involving manifest and urgent necessity and not for grievances that may be addressed by other remedies." *Holloway v. Fifth Court of Appeals,* 767 S.W.2d 680, 684 (Tex.1989). Mandamus relief is available if the trial court abuses its discretion, either in resolving factual issues or in determining legal principles when there is no other adequate remedy by law. *See Walker v. Packer,* 827 S.W.2d 833, 839–40 (Tex.1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *Johnson v. Fourth Court of Appeals,* 700 S.W.2d 916, 917 (Tex.1985). When alleging that a trial court abused its discretion in its resolution of factual issues, the party must show the trial court reasonably could have reached only one decision. *See id.* at 918. An abuse of discretion also occurs if the trial court clearly failed to analyze or apply the law correctly. *See Walker,* 827 S.W.2d at 840.

## III. ANALYSIS OF THE ISSUES

The trial court entered its order of reinstatement more than thirty days after dismissing the case. Generally, a trial court loses plenary jurisdiction thirty days after entry of final judgment. *See generally* TEX.R. CIV. P. 329b; *see also Thermex Energy Corp. v. Rantec Corp.,* 766 S.W.2d 402, 403 (Tex.App.—Dallas 1989, writ denied). The Bosquets, relying on Texas Rules of Civil Procedure 165a and 306a, argue that the trial court's jurisdiction was extended beyond the original period and, therefore, it had jurisdiction to reinstate the case.

■■■ A timely and proper motion to reinstate extends the trial court's plenary power until thirty days after the motion is overruled either by a written signed order or by operation of law. *See South Main v. Wittig,* 909 S.W.2d 243, 244 (Tex.App.—

**2.** Relators waited nearly eleven months after reinstatement of the case and two business days before trial to challenge the trial court's reinstatement order by mandamus. Nevertheless, laches cannot confer jurisdiction upon a court that has lost jurisdiction. *See Dubai Petroleum Co. v. Kazi,* 12 S.W.3d 71, 76 (Tex.2000).

Houston [14th Dist.] 1995, orig. proceeding) (citing Tex.R. Civ. P. 165a(3)). Where, as here, a court dismisses a case for want of prosecution, a party may file a motion to reinstate within thirty days after the order of dismissal is signed or within the period provided by Rule 306a. *See Levit v. Adams,* 850 S.W.2d 469, 470 (Tex.1993) (explaining that the period provided by Rule 306a must begin within 90 days of judgment; no provision for notice received more than 90 days after judgment, Tex.R. Civ. P. 165a(3)). Because the trial court dismissed the Bosquets' case on March 31, 1999, a motion to reinstate was due by April 30, 1999—one day after the postmark on the notice of dismissal and three days before the Bosquets claim their counsel received it. The trial court signed an order reinstating the case on May 4, 1999, after the original period of jurisdiction had expired. The Bosquets never filed a motion to reinstate the case. Now, they contend their motion to retain, filed before the trial court dismissed the case, should be treated as a premature motion to reinstate. Thus, they argue, their motion to retain extended the trial court's plenary power under Rule 165a(3). In addition, they claim the trial court had jurisdiction to reinstate their case because their response to relators' motion to vacate the reinstatement order satisfies Rule 306a(5). For reasons explained below, we reject both arguments.

### A. Is the motion to retain the functional equivalent of a motion to reinstate?

■ A prematurely filed motion to reinstate extends the appellate timetables and

**3.** Rule 58(a) provided:
Proceedings relating to an appeal need not be considered ineffective because of prematurity if a subsequent appealable order has been signed to which the premature proceeding may properly be applied.
*See White v. Schiwetz,* 793 S.W.2d 278, 280 (Tex.App.—Corpus Christi 1990, no writ). Much of former Rule 58(a) is now embodied in Texas Rule of Appellate Procedure 27.2, governing premature filings, and provides in pertinent part:

the trial court's plenary jurisdiction. *See Perez v. Texas Employers' Ins. Ass'n,* 926 S.W.2d 425, 426 (Tex.App.-Austin 1996, no writ). At issue in *Perez* was whether the plaintiff's verified motion to reinstate, filed before the final judgment, was effective to extend the appellate timetables. *See id.* First, the trial court signed an interlocutory order dismissing the plaintiff's case against two of the three defendants. *See id.* After the trial court denied the plaintiff's motions to reinstate, the court granted a non-suit as to the third defendant, thereby making the judgment final. *See id.* The *Perez* court, construing former Texas Rule of Appellate Procedure 58(a),[3] held that a prematurely filed, verified motion to reinstate extended the appellate timetable because it is a "proceeding relating to an appeal." 926 S.W.2d at 427. Observing that Rule 58 did not contain a specific list of items that would extend the appellate timetable, the *Perez* court explained:

> We do not think the language in Rule 58 compels the exclusion of a verified motion to reinstate, whereas interpreting Rule 58 to allow a prematurely filed motion to reinstate to extend the appellate timetables harmonizes with the general principle of liberally construing the rules of appellate procedure when possible.

*Id.* at 427.[4] Therefore, the *Perez* court reasoned, a motion to reinstate extends the appellate timetables in the same way as a motion for new trial. *Id.* at 426–27 (citing *Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986)).

> The appellate court may treat actions taken before an appealable order is signed as relating to an appeal of that order and give them effect as if they had been taken after the order was signed.
> Tex.R.App. P. 27.2.

**4.** We recognize that the mere fact that the motion was overruled before the case was reinstated is not determinative. In the context of appellate timetables, a motion for new trial that has been overruled still serves the

Texas Rule of Civil Procedure 329b governs motions for new trial. The rule extends the trial court's plenary power to thirty days after the overruling of any motion for new trial or motion to modify, correct, or reform the judgment. Rule 329b does not include a specific list of items that operate to extend the appellate timetable. Thus, in determining whether a pleading operates to extend the trial court's plenary power under Rule 329b, the issue is whether it seeks a new trial or constitutes a motion to modify, correct, or reform a judgment. Unlike Rule 329b, however, Rule 165a, governing dismissal for want of prosecution, specifically provides that filing a *motion to reinstate* extends the trial court's plenary jurisdiction.

In considering whether the Bosquets' motion to retain operated as a motion to reinstate, we recognize that the substance of a motion, not its title, determines the relief sought. *See Surgitek v. Abel*, 997 S.W.2d 598 (Tex.1999); *see also* TEX.R. CIV. P. 71 ("[W]hen a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated."). Therefore, in deciding this issue we do not focus on the title of the Bosquets' motion but on its nature and purpose.

Rule 165a(3) provides that "a motion to reinstate shall set forth the grounds therefor and be verified by the movant or his attorney." TEX.R. CIV. P. 165a(3). The rule does not dictate the specific grounds the party should plead in the motion, nor does it require the motion to specifically state that the failure to respond was not intentional. *See Gaylor v. Fluker*, 843 S.W.2d 234, 236 (Tex.App.—Houston [14th Dist.] 1992, no writ). It is clear, however, that when a party files a motion to reinstate, the court must determine this issue at the hearing on reinstatement. *See id.*

Here, the Bosquets' motion is verified and explains why service on the relators/defendants, though diligently attempted, had not been obtained. However, neither the title nor the content of the motion makes any mention of reinstating a case that has been dismissed. Nor does the motion request a new trial, or propose by its terms to modify, correct, or reform a judgment. If it did, then it would not matter that it was filed before the dismissal; it would be the functional equivalent of a motion for new trial or a motion to reinstate. Instead of seeking this type of relief, however, the Bosquets' motion to retain simply asks the trial court not to

procedural functions of a motion for new trial:

> Rule 58 is not limited by its language to motions that are "live" when the final judgment is rendered, although for jurisdictional purposes ... courts of appeals have engrafted such a requirement onto the rule by judicial interpretation. Other than [one case], in each of the cases in which the court engrafted the "live" pleading requirement to the rule, the court ultimately held the motion for new trial filed in the case was viable, and therefore could be considered as a premature motion.
>
> We have not previously addressed this construction of Rule 58. Another court has declined to follow the [live pleading requirement], however. *Harris County Hosp. Dist. v. Estrada*, 831 S.W.2d 876 (Tex.App.—Houston [1st Dist.] 1992, no writ). In *Estrada*, the court observed the

policy reasons for the rules concerning premature filings: "The Texas Supreme Court has twice enacted rules to assure that cases are not dismissed because the motion for new trial was filed too soon. Neither of those rules limits their application to 'live' pleadings. To require a 'live' pleading here would defeat the purpose of those rules." We conclude that the better reasoned application of Rule 58, more congruent with the Rule's purpose, is set forth in *Estrada*. The trial court was fully apprised of [the movant's] complaints in its motion for new trial and the hearing on the motion, and the court rejected those arguments when it reformed judgment [sic].

*Fredonia State Bank v. General American Life Ins. Co.*, 881 S.W.2d 279, 282 (Tex. 1994) (citations omitted) (interpreting former TEX.R.APP. P. 58).

dismiss the case in the first place.[5]

■ While courts have broad discretion to interpret pleadings liberally, the interpretation must be reasonable and consistent with the nature and character of the pleading at issue. To determine if the Bosquets' motion to retain meets these standards, we again focus on the text of Rule 165a(3), which states in part:

> The clerk shall deliver a copy of the motion to the judge, who shall *set a hearing* on the motion as soon as practicable. The court shall *notify* all parties or their attorneys of record of the *date, time and place* of the *hearing.*
>
> The court shall reinstate the case upon finding *after a hearing* that the failure of the party or his attorney was not intentional or the result of conscious indifference but was due to an accident or mistake or that the failure has been otherwise reasonably explained.

TEX.R.CIV. P. 165a(3) (emphasis added). Rule 165a plainly requires notice and a hearing on a motion to reinstate. To accept the Bosquets' argument that the motion to retain operated as a motion to reinstate, we would not only have to overlook the true nature of the pleading but also ignore the fact that the trial court failed to give the requisite notice and failed to conduct the requisite hearing. The Bosquets point out that at the time the court entered the order reinstating the case, relators had not yet made an appearance as parties in the litigation and, therefore, were not prejudiced by the lack of notice and opportunity to be heard in response to the motion. The Bosquets, how-

ever, point to nothing which would suggest the motion to retain served the purpose of a motion to reinstate or that the trial court viewed it as such.[6] The record strongly suggests that by reinstating the case *sua sponte,* the trial court was attempting to correct what may have been an administrative error or oversight in the dismissal of the case, and that it was taking such action on its own, not in response to any motion.

In support of their contention that the motion to retain served as the functional equivalent of a motion to reinstate, the Bosquets cite to *Arguelles v. Kaplan,* 736 S.W.2d 782, 785 (Tex.App.—Corpus Christi 1987, pet.ref'd n.r.e). In that case, the court treated the motion to reinstate, filed before dismissal was scheduled, as a motion to retain. However, the point of error in *Arguelles* addressed only the trial court's decision not to dismiss after giving notice of its intention to dismiss.[7] The *Arguelles* court did not address the interpretation of the motion. Instead, it merely held that, "[t]he dismissal or refusal to dismiss an action for want of prosecution is directed to the sound discretion of the trial judge, and his action will be reversed only upon a showing of an abuse of such discretion." *Id.* Under that standard, the trial court did not need a motion to retain or a hearing to retain the case on the docket.

In the final analysis, we reject the notion that the Bosquets' motion to retain was the functional equivalent of a motion to reinstate for two compelling reasons. First, it did not address reinstatement by title, content, or relief sought. Second, and equally important, we cannot counte-

---

5. For similar reasons, the Bosquets' contention that their response to the request to vacate is, in reality, a bill of review, fails. The response contended the dismissal judgment had already been vacated; the response did not attack the judgment; it did not allege the grounds required for a bill of review; it was not an original petition filed in a separate cause; the substance was clearly a response to the motion to vacate reinstatement; and the prayer addresses (i) whether the motion to retain was a motion to reinstate and (ii) Rule 306a(4) relief. *See Carroll v. Carroll,* 580

S.W.2d 410, 413 (Tex.Civ.App.-Houston [1st Dist.] 1979, no writ) (petition for bill of review must meet requisites).

6. In fact, when the trial court entered its order dismissing the Bosquets' claims, it effectively overruled their motion to retain.

7. The trial court *did* hold a hearing on the motion to reinstate, as required by Rule 165a(3).

nance an argument that would undermine the basic framework for determining appellate timetables. The same logic that would allow us to interpret the Bosquets' motion to retain opposing dismissal as a motion to reinstate after dismissal would open the door to arguments that any other pleading that opposes judgment in the first instance likewise operates to extend the trial court's plenary power and the appellate deadlines. Embracing this notion would contravene the rules that control the appellate timetables and create confusion and uncertainty about when a trial court's plenary jurisdiction expires. The Texas Supreme Court has repeatedly recognized the importance of ensuring certainty in computing appellate timetables,[8] and we will not accept an argument that undermines this policy.

### B. Did the trial court have limited jurisdiction under Rule 306a?

■■■ The Bosquets next argue that they established the date of notice or their first actual knowledge by incorporating a Rule 306a motion into a response they filed nearly a year after judgment. This action, they contend, gave the court jurisdiction to reinstate the case four days after their counsel received the clerk's notice of dismissal.

Rule 306a provides a mechanism to establish the commencement of the court's plenary power where notice is not received within twenty days of judgment. Rule 306a(1) reaffirms that the thirty-day period for filing the reinstatement motion begins on the date the dismissal order is signed. *See id.* (citing TEX.R. CIV. P. 306a(1)). However, Rule 306a(4) and (5) provide a procedural remedy when more than twenty days have passed between the signing of the judgment of dismissal and the date a party receives the clerk's notice or otherwise acquires actual knowledge of the signing of the judgment. Rule 306a(4)

allows a party to establish the date it *actually* received notice or acquired knowledge as the commencement of the plenary jurisdiction period. In this case, however, the Bosquets failed to take the procedural steps necessary to establish the date they or their counsel first received notice or acquired actual knowledge of the judgment.

Rule 306a(5) requires the party seeking to implement Rule 306a(4) to:

[i] file a sworn motion;

[ii] provide notice to the other parties; and

[iii] prove in the trial court the date upon which the party adversely affected first received the clerk's notice of judgment or acquired actual knowledge that the judgment had been signed.

If the trial court determines a date of notice no more than ninety days after the original judgment was signed, then appellate deadlines and the period for the trial court's plenary power commence from the date of notice rather than the date the judgment was actually signed. *See* TEX.R. CIV. P. 306a(4); TEX.R.APP. P. 4.2(a)(1).

■■■ Filing a motion that complies with the requirements of Rule 306a invokes the trial court's jurisdiction for the limited purpose of determining the date of notice. *See Memorial Hosp. v. Gillis,* 741 S.W.2d 364, 365–66 (Tex.1987); *In re Simpson,* 932 S.W.2d 674, 677 (Tex.App.— Amarillo 1996, no writ). To invoke the trial court's jurisdiction to hold a hearing, the sworn motion must set forth facts that create a *prima facie* case demonstrating the party did not receive the clerk's notice or acquire actual knowledge of the judgment within twenty days after the judgment was signed. *See Carrera v. Marsh,* 847 S.W.2d 337, 342 (Tex.App.—El Paso 1993, orig. proceeding). If the sworn motion fails to allege facts that would establish the application of Rule 306a(4), any

---

8. *See, e.g, Mafrige v. Ross,* 866 S.W.2d 590, 592 (Tex.1993) ("[L]itigants should be able to recognize a judgment which on its face purports to be final, and courts should be able to treat such a judgment as final for purposes of appeal.").

order determining the date of notice is void. *See Gillis,* 741 S.W.2d at 365–66; *Simpson,* 932 S.W.2d at 678; *see also Grondona v. Sutton,* 991 S.W.2d 90 (Tex. App.—Austin 1998, pet. denied) (only part of a *prima facie* case alleged within the period of plenary power; amendment to include full *prima facie* case after plenary power expired failed to invoke the court's jurisdiction). As the Texas Supreme Court has explained:

> Compliance with the time periods prescribed by these rules is a jurisdictional prerequisite. *Unless a party establishes in the manner prescribed by the rule that he had no notice or knowledge of the judgment, the general rule prevails:* a trial court's power to reinstate a cause after dismissal expires *thirty days* after the order of dismissal is signed.

*Memorial Hosp. of Galveston County v. Gillis,* 741 S.W.2d 364, 365 (Tex.1987) (emphasis added); *see also Butts v. Capitol City Nursing Home, Inc.,* 705 S.W.2d 696, 697 (Tex.1986) (per curiam) (effect of failure to comply with Rule 165a governing motions to reinstate after dismissals for want of prosecution); *Olvera v. Olvera,* 705 S.W.2d 283, 284 (Tex.App.—San Antonio 1986, writ ref'd n.r.e.) (per curiam) (on mot. for reh'g) (a movant under Rule 306a must not only file a sworn motion, but also must obtain a hearing and present evidence to support the motion). Here, the Bosquets failed to [i] file a sworn motion, [ii] give notice of a hearing, [iii] present evidence in a hearing as to the date of their actual knowledge or receipt of the court's notice, or [iv] obtain an order with written findings, resetting the commencement of the period of plenary power. *Cf. Thompson v. Harco Nat. Ins. Co.,* 997 S.W.2d 607, 623 (Tex.App.-Dallas 1998, pet. denied) ("[W]e reject any contention that a trial court 'impliedly' grants relief

 The Bosquets first endeavored to invoke Rule 306a(5) in their response to the relators' motion to vacate the reinstatement order. This effort, however, did not come until nearly a year after the trial court signed the dismissal order.[9] The Bosquets' response to the motion to vacate reinstatement (which they claim was also a Rule 306a motion that meets the requirements for a petition for bill of review) neither requested a hearing nor gave notice of one. The sole purpose of the sworn Rule 306a(5) motion is to establish the limited jurisdiction necessary to hold the hearing. The Bosquets insisted there was no need for a hearing under Rule 306a(5) because the court already had granted the motion to reinstate. However, a hearing and notice of that hearing are essential to the validity of any Rule 306a(5) order. *See Cantu v. Longoria,* 878 S.W.2d 131, 132 (Tex.1994) (orig.proceeding). There was no 306(a)(5) notice or hearing in this case.

Texas Rule of Appellate Procedure 4.2, entitled *"No Notice of Trial Court's Judgement in Civil Case",* states, "[a]fter hearing the [306a(5)] motion, *the trial court must sign a written order that finds the date* when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." TEX.R.APP. P. 4.2(c) (emphasis added). Failure to hold a hearing and make a finding once a *prima facie* case is established constitutes an abuse of discretion. *See, e.g., Cantu,* 878 S.W.2d at 131–32 (requiring the trial court to hold a hearing and to make a finding in a written order when a party presents proof of the date of notice in trial court). The trial court signed no order finding the date the

---

9. Because the Bosquets failed to implement Rule 306a(5), we do not address whether their effort was timely. The Bosquets claim that relators are estopped to claim the reinstatement order was void because relators continued to seek affirmative relief in the trial court after the reinstatement order was entered. However, the parties cannot confer jurisdiction, by estoppel, on a court that has lost power to act. *See Thompson,* 997 S.W.2d at 622.

Bosquets or their attorney first received notice or acquired actual knowledge of the order of dismissal.

■ The Bosquets do not dispute the lack of any notice, hearing or order but instead characterize the 306a(5) motion as a "useless motion" under the facts of this case. They argue that because the trial court reinstated the case on its own, there was no need to take further action as the relief they sought already had been granted. Nevertheless, Rule 306a clearly requires a motion, notice, hearing and order to establish jurisdiction beyond the original plenary power. Because the Bosquets did not follow the procedure mandated by that rule, they failed to establish a new date for the trial court's plenary power to commence. Based on this record, we can only conclude that the trial court's jurisdiction expired thirty days after March 31, 1999. On May 4, 1999, the date the trial court issued its order reinstating the case, its jurisdiction had expired, and it had no authority to act.

## C. Is the reinstatement order void?

■ A judgment is void "when it is apparent that the court rendering judgment 'had no jurisdiction of the parties, no jurisdiction of the subject matter, no jurisdiction to enter the judgment, or no capacity to act as a court.'" *Id.* (quoting *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex.1985)). The order of reinstatement was not merely invalid or voidable; it was void from its inception. *See Cook v. Cameron*, 733 S.W.2d 137, 140 (Tex.1987). A void order is entirely null within itself; it is not susceptible to ratification or confirmation, and its nullity cannot be waived.

*See Guardianship of B.A.G.*, 794 S.W.2d 510 (Tex.App.—Corpus Christi 1990) (void judgment) (citing *Easterline v. Bean*, 121 Tex. 327, 49 S.W.2d 427, 429 (1932); *American Universal Ins. Co. v. D.B. & B., Inc.*, 725 S.W.2d 764, 766 (Tex.App.—Corpus Christi 1987, writ ref'd n.r.e.)). Holding a trial court's order void, when that same order may have led the parties to believe all was well may seem unfair,[10] but just as a trial court cannot act when it has no jurisdiction, a reviewing court cannot find jurisdiction where none exists. We find the trial court's May 4, 1999 order reinstating the case is void.

## D. Is mandamus relief warranted?

■ When a trial court erroneously reinstates a case after the expiration of the court's plenary jurisdiction, mandamus will issue. *See Estate of Howley v. Haberman*, 878 S.W.2d 139 (Tex.1994) (per curiam); *see also South Main v. Wittig*, 909 S.W.2d 243, 244 (Tex.App.-Houston [14th Dist.] 1995, orig. proceeding). Having determined that the trial court had no jurisdiction at the time it entered the order reinstating the case, we find mandamus relief is warranted and, if necessary, shall issue to compel the court to vacate its void order.

## IV. Conclusion

While the Texas Rules of Civil Procedure provide additional time to act for parties who do not receive timely notice of final judgments, the Bosquets did not take the procedural steps necessary to benefit from those rules. We cannot reasonably construe their motion to retain as anything but a plea to keep the case on the docket, a motion the trial court effectively over-

---

**10.** A combination of factors make the result in this case seemingly harsh and unyielding. First, the dismissal was likely the result of an administrative error or oversight by the trial court. Second, the trial court's *sua sponte* effort to remedy the error may have given the Bosquets a false sense that no other action was necessary. Then, for nearly a year after the court entered the order of reinstatement, the Bosquets pursued the litigation, only to learn on the eve of trial that their claims were dismissed after all and that the trial court's earnest effort to revivify them was without effect. However, the Bosquets are not without other possible remedies. They claim to have good grounds to pursue a bill of review. This may well be, but in the current posture of the case, the procedural deficiencies are jurisdictional.

ruled in its dismissal order. Because the motion to retain cannot be deemed a prematurely filed motion to reinstate, motion for new trial, or motion to modify, change, or reform a judgment, the trial court's plenary power was not extended. There was no notice and hearing on the Bosquets' Rule 306a(5) contentions, and no order with factual findings. Consequently, there was no new date established for commencement of the trial court's plenary jurisdiction. These facts lead to the inescapable conclusion that the trial court's plenary power expired thirty days after it dismissed the case. Because the trial court was without jurisdiction when it entered the reinstatement order, that order is void.

We conditionally grant relators' petition for writ of mandamus and direct the trial court to vacate its May 4, 1999, order of reinstatement. The writ will issue only if the trial court does not comply.