Opinion issued July 3, 2003


 







In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-02-00757-CV

____________


KEVIN M. BOETTNER, Appellant


V.


RONALD F. VELLA, Appellee






On Appeal from the 405th District Court

Galveston County, Texas

Trial Court Cause No. 01CV1196 






MEMORANDUM OPINION

 This is an appeal from an order of dismissal signed by the trial court on
March 5, 2002. On July 18, 2002, this Court received from the district clerk the
clerk's record, applied for by appellant on June 26, 2002, which contained a
document filed with the district clerk on June 26, 2002, and entitled, "Motion
Requesting Notification and Verification of Receipt and Filing of Plaintiff's Notice
of Appeal of May 13, 2002." In this document, appellant asserted that he did not
receive notice from the district clerk of the signing of the dismissal order until April
20, 2002. Appellant also asserted that on May 13, 2002, he mistakenly mailed a
notice of appeal and application for appellate filing fee payment plan to this Court
rather than to the district clerk. However, this Court has not received a notice of
appeal or application for appellate filing fee payment plan mailed May 13, 2002. 
Rather, this Court received an assignment letter from the district clerk referring to the
June 26, 2002 "notice of appeal." The Clerk of this Court recorded June 26, 2002 in
the case management system as the date of the filing of the notice of appeal. 

 On July 8, 2002, appellant filed with the trial court "Plaintiff/Appellant's
Motion Requesting All Findings of Fact and Conclusions of Law That Can Be
Considered By the Appellate Courts."

 On May 15, 2003, this Court issued an order that stated in part:

 It appears to the Court that this case should be dismissed for
lack of jurisdiction. Assuming as true appellant's assertion that
he did not learn of the March 3, 2002 dismissal order until April
20, 2002, appellant should have followed Texas Rule of Civil
Procedure 306a(5). To establish April 20, 2002 as the date from
which should be calculated the 30-day deadline for filing a notice
of appeal, appellant should have filed with the trial court a sworn
motion, given notice of the hearing on the motion, presented
evidence of the date he actually received notice, and obtained a
written order finding the date when appellant got notice. See In
Re Bokeloh, 21 S.W.3d 784, 792 (Tex. App.--Houston [14th
Dist.] 2000, orig. proceeding); Tex. R. Civ. P. 306a(5); Tex. R.
App. P. 4.2(c); Tex. R. App. P. 26.1. Because appellant did not
follow the procedure mandated by Texas Rule of Civil Procedure
306a(5), he failed to establish a new date for the filing of his
notice of appeal. Thus, the deadline for filing appellant's notice
of appeal was April 4, 2002, a date by which appellant had not
filed a notice of appeal . . . . 


 Accordingly, appellant's appeal will be dismissed for want of
jurisdiction, without further notice to appellant, unless by June
16, 2003 he demonstrates to this Court that it has jurisdiction over
his appeal.


 In the same order we also ordered that the appeal would be dismissed for
want of prosecution if by June 16, 2003 he had not paid the $125 filing fee.

 On June 13, 2003, appellant responded to our May 15, 2003 order with a
motion to stay all proceedings in his appeal. The motion is denied.

 June 16, 2003 has passed and appellant has neither demonstrated that this
Court has jurisdiction to consider his appeal, nor that he has he paid the $125 filing
fee. The appeal is dismissed for want of jurisdiction.

PER CURIAM

Panel consists of Justices Hedges, Taft, and Nuchia.