Dismissed and Memorandum Opinion filed September 6, 2007








Dismissed
and Memorandum Opinion filed September 6, 2007.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00427-CV

____________

 

RICHARD NUNEZ CARMONA d/b/a LOS
MAGNIFICOS LOW RIDER CAR CLUB, FINEST FEW LOW RIDER CLUB, THE JOEL CARMONA
SUPER CUSTOM CAR SHOW, SPACE CITY PROMOTIONS, BUMPER TO BUMPER CAR SHOW,
Appellants

 

V.

 

AL STAHELY, JR., d/b/a THE LAW
OFFICES OF ALL STAHELY, JR., Appellee

 



 

On Appeal from the 270th District
Court 

Harris County, Texas

Trial Court Cause No.
2006-43950

 



 

M E M O R
A N D U M   O P I N I O N

This
appeal arises from a petition for a bill of review.  Appellants seek to appeal
an order dismissing the case for want of prosecution signed March 2, 2007.  The
clerk=s record was filed July 13, 2007. 
According to the record, appellants filed an untimely motion to reinstate on
April 24, 2007, making appellants= notice of appeal filed May 17, 2007,
untimely.  








On July
17, 2007, this court notified appellants that the appeal was subject to
dismissal for want of jurisdiction unless any party filed a response by July
30, 2007, demonstrating meritorious grounds for maintaining jurisdiction over
the appeal.  Appellants filed a response on August 1, 2007.[1] 


In their
response, appellants assert that they did not receive timely notice of the
dismissal.  Appellants also complain that an incorrect address has been used in
sending notices to appellants.[2]  The Rules of
Civil Procedure and the Rules of Appellate Procedure both provide a remedy to
enlarge the time to respond if notice is received late.  See Tex. R. Civ. P. 5 (permitting
enlargement of deadline on showing of good cause); Tex. R. Civ. P. 306a(4) (setting out procedure to enlarge
time when notice is received more than 20 days after judgment); Tex. R. App. P. 4.2 (setting out
procedure to begin calculation of time from date of actual knowledge of
judgment).  To gain additional time when lack of notice of the trial court=s judgment is alleged, the trial
court must sign a written order that finds the date when the party or the party=s attorney first either received
notice or acquired actual knowledge that the judgment was signed.  Tex. R. App. P. 4.2(c); In re
Bokeloh, 21 S.W.3d 784, 792 (Tex. App.CHouston [14th Dist.] 2000, orig.
proceeding).  No such order is contained in our record.  Appellants failed to
take the necessary steps to enlarge the time to file their motion to
reinstate.  Because the motion to reinstate was filed more than thirty days
after the final dismissal order, appellants= notice of appeal was due April 2,
2007.  See Tex. R. App. P. 26.1
(setting deadline for filing notice of appeal in civil cases) and 4.1(a)
(extending filing deadline until Monday when the last day is Sunday). 
Appellants= notice of appeal filed May 17, 2007, is untimely to invoke this court=s jurisdiction.








Appellee
filed a reply objecting to appellant=s response as untimely.  In addition,
appellee pointed out that appellants= response failed to provide any
authority addressing this court=s jurisdiction over the appeal.  On August 23, 2007, appellee
also filed a motion requesting a ruling on the jurisdictional issue and asking
this court to dismiss the appeal for want of jurisdiction.  We grant the
motion.  

The
appeal is ordered dismissed for want of jurisdiction.

 

PER
CURIAM

 

Judgment rendered and Memorandum Opinion filed
September 6, 2007.

Panel consists of Chief Justice Hedges and Justices
Anderson and Seymore. 

 









[1]  Appellants submitted an unsigned copy of the
response on July 30, 2007.  A signed original response was provided on August
1, 2007, and the response was filed.  See Tex. R. App. P. 9.1.





[2]  Appellants=
other arguments in their response address the turnover order issued in the
underlying suit in trial court number 2002-12059.  Appellants have filed a
separate notice of appeal from the turnover order, which has been docketed
under our appellate case number 14-07-00448-CV, and remains pending before this
court.