Opinion issued March 31, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00609-CV

———————————

Simon Castro, Appellant

V.

Shell Oil
Company, Appellee



 



 

On Appeal from the 113th District Court 

Harris County, Texas



Trial Court Case No. 2005-44225

 



 

MEMORANDUM OPINION

Appellant
Simon Castro appeals the trial court’s denial of his “Motion for Relief from
Judgment.”  We conclude the appeal is
untimely and, thus, dismiss for lack of jurisdiction.

Background

Castro, a former employee of
Appellee Shell Oil Company, sued Shell alleging employment discrimination.  Following a jury trial on the merits, the jury
returned a defense verdict.  On January
9, 2008, the trial court entered judgment for Shell on the jury’s verdict,
ordering that Castro take nothing. 

On December 4, 2008, Castro filed a
“Motion for Relief from Judgment,” citing Federal Rule of Civil Procedure
60(b), which permits a court to “relieve a party . . . from a final judgment”
on certain grounds, including fraud, misrepresentation, or misconduct by an
opposing party.  In this motion, Castro
alleged that his attorney and Shell’s attorney “engaged in a scheme which was
designed to improperly influence the court in its decision.”  Specifically, Castro contended that his
attorney did not present his case effectively at trial because Shell’s counsel
allegedly promised to help Castro’s attorney’s son find a job.  On June 23, 2010, the trial court signed an
order denying Castro’s motion.  On July
23, 2010, Castro filed a notice of appeal from the trial court’s June 23, 2010
order. 

Castro argues on appeal that the
trial court abused its discretion by denying his motion.  In response, Shell denies Castro’s
allegations of improper collusion by the parties’ trial attorneys and asserts
that, in any event, Castro’s motion was not timely.  

Jurisdiction

Although Castro’s motion cites Federal
Rule of Civil Procedure 60, that rule does not apply in Texas state court, and
there is no corresponding Texas Rule of Civil Procedure entitled “Relief from a
Judgment or Order.”  “When a party has
mistakenly designated any plea or pleading, the court, if justice so requires,
shall treat the plea or pleading as if it had been properly designated.”  Tex. R.
Civ. P. 71.  “We look to the
substance of a motion to determine the relief sought, not merely to its title.”
 Surgitek,
Bristol-Myers Corp. v. Abel, 997 S.W.2d 598, 601 (Tex. 1999); see also In re Bokeloh, 21 S.W.3d 784,
789 (Tex. App.—Houston [14th Dist.] 2000, no pet.) (“[W]e recognize that the
substance of a motion, not its title, determines the relief sought.”).

We interpret Castro’s motion as a
motion for new trial because it complains about the attorneys’ methods of
presenting evidence at trial and requests relief from the trial court’s final
judgment.  Tex. R. Civ. P. 320.  “[M]otions
for new trial and motions to modify, correct, or reform judgment . . . shall be
filed prior to or within thirty days after the judgment or other order
complained of is signed.”  Tex. R. Civ. P. 329b(a).  Castro’s motion, filed nearly a year after
the trial court’s judgment was entered, was untimely.  If no timely motion for new trial is filed,
the trial court’s plenary power to grant a new trial or to modify, correct, or
reform the judgment expires thirty days after the judgment is signed.  Tex.
R. Civ. P. 329b(d).  The trial
court’s order denying Castro’s untimely motion for new trial is void, In re Brookshire Grocery Co., 250 S.W.3d
66, 72 (Tex. 2008) (orig. proceeding), and presents nothing for appellate review.  See Moritz
v. Preiss, 121 S.W.3d 715, 720 (Tex. 2003).         

Absent the filing of a timely
post-trial motion effectively extending the time for perfecting an appeal, a
notice of appeal must be filed “within 30 days after the judgment is
signed.”  Tex. R. App. P. 26.1.  A
timely filed notice of appeal is required to invoke this Court’s
jurisdiction.  Tex. R. App. P. 25.1(b). 
Castro’s notice of appeal—filed two and one-half years after the final judgment was signed—was untimely. 


Conclusion    

We dismiss the appeal for lack of
jurisdiction.

 

 

                                                                   Sherry
Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Alcala and Bland.