Opinion issued February
23, 2012.

 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-11-00362-CV

____________

 








CHUCK L. HARPER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 

 

On Appeal from the 351st District Court

Harris County, Texas

Trial Court Cause No. 1064870

 




 
 
 
 
 
 
 


 



MEMORANDUM OPINION








Appellant
Chuck Harper attempts to appeal from the trial court’s order denying his
petition for expunction, signed December 6, 2010.[1]  

Generally,
a notice of appeal is due within thirty days after the judgment is signed.  See
Tex. R. App. P. 26.1.  The deadline to file a notice of appeal is
extended to 90 days after the date the judgment is signed if, within 30 days
after the judgment is signed, any party files a motion for new trial, motion to
modify the judgment, motion to reinstate, or, under certain circumstances, a
request for findings of fact and conclusions of law. Id.; Tex. R. Civ. P.
329b(a).

Furthermore,
if a party does not receive notice or acquire actual knowledge that a judgment
or appealable order was signed within 20 days of the signing, the date the
filing periods discussed above commence can be changed from the date the
judgment or appealable order is signed to the date the party first received
notice or acquired actual knowledge of the signing.  See
Tex. R. App. P. 4.2; Tex. R. Civ. P. 306a(4).   To
invoke one of these rules, the party must file a sworn motion, provide notice
to the other parties, and prove in the trial court the date that notice was
received or acquired.  Tex. R. App. P. 4.2(b); Tex. R. Civ. P. 306a(5); see In re Lynd Co., 195 S.W.3d 682, 685
(Tex. 2006); In re Bokeloh, 21 S.W.3d
784, 791 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding).  The filing periods may not, however, begin
more than 90 days after the date of signing; therefore, the party must receive
notice or acquire actual knowledge of the signing within 90 days of the date
the judgment or order is signed for these rules to apply.  See
Lynd, 195 S.W.3d at 683, 685; Levit
v. Adams, 850 S.W.2d 469, 470 (Tex. 1993); Bokeloh, 21 S.W.3d at 791.

Here, the
trial court signed the appealable order denying appellant’s petition on December
6, 2010.  A notice of appeal was due by January
5, 2011.  See Tex. R. App. P.
26.1.  

According
to the certificate of service attached to appellant’s notice of appeal, the
notice was filed on March 22, 2011, which was 76 days past the deadline and 106
days after the order was signed.[2]  See Tex. R. App. P. 9.2(b), 26.1.  

On January
18, 2012, we notified appellant that his appeal was subject to dismissal for
want of jurisdiction unless, by February 10, 2012, he filed a response showing that
this Court has jurisdiction over this appeal. 
Appellant filed a response, but it does not show that this Court has jurisdiction.


In his response,
appellant states that he did not receive notice of the trial court’s order until
March 21, 2011.[3]  Insofar as appellant seeks to invoke Rule of
Appellate Procedure 4.2 or Rule of Civil Procedure 306a, appellant’s receipt of
notice of the signing of the order more than 90 days after it was signed
precludes their application.  See Lynd, 195 S.W.3d at 683, 685; Levit, 850 S.W.2d at 470; Bokeloh, 21 S.W.3d at 791.  Moreover, even if appellant had received the
order within 90 days, neither Rule 4.2 nor Rule 306a would apply because
appellant failed to file a sworn motion, provide notice to the other parties,
and prove in the trial court that he received notice or acquired knowledge of
the trial court’s order more than 20 but less than 91 days after the date the
order was signed.[4]  See
Tex. R. App. P. 4.2(b); Tex. R. Civ. P. 306a(5); Lynd, 195 S.W.3d at 685; Bokeloh, 21 S.W.3d at 791, 792.

Appellant
also states in his response that he requested findings of fact and conclusions
of law.  This request, however, did not
extend the deadline for appellant’s filing of his notice of appeal, because the
trial court entered its order on the pleadings and without an evidentiary
hearing.  See Tex. R. App. P.
26.1(a)(4); IKB Indus. (Nigeria) Ltd. V. Pro-Line
Corp., 938 S.W.2d 440, 443 (Tex. 1997)) (“A request for findings of fact and
conclusions of law does not extend the time for perfecting appeal . . . where
findings and conclusions can have no purpose and should not be . . . considered
on appeal.  Examples are  . . . dismissal based on the pleadings . . .
and any judgment rendered without an evidentiary hearing.”).  Moreover, even if the request did extend the
deadline for filing the notice of appeal, appellant’s notice, filed 106 days
after the order was signed, would still be untimely.  See
Tex. R. App. P. 26.1(a)(4), 26.3.

Because his
notice of appeal was filed 106 days after the trial court’s order was signed,
it was not timely.  See Tex. R. App. P.
26.1, 26.3.  Without a timely filed
notice of appeal, this Court lacks jurisdiction over the appeal. See Tex.
R. App. P. 25.1.

Accordingly,
we dismiss the appeal for want of jurisdiction. See Tex. R. App. P. 42.3(a),
43.2(f).  We dismiss any other pending motions as moot.  

PER CURIAM

 

Panel consists of Justices Jennings, Massengale, and Huddle.

 

 











[1]
            The
trial court’s order consists of the hand-written notation “DENIED” followed by
“12-6-10” and the trial judge’s signature, in the lower-right corner of a
notice appellant sent to the Harris County District Clerk.  The Court, like the parties, interprets this
notation as an order denying appellant’s petition.





[2]
            The
notice of appeal was filed in the district clerk’s office on March 25, 2011.

 





[3]
            In
Exhibit L to his brief, appellant states that he received notice of the trial
court’s order on March 15, 2011.  Even if
this statement were properly in evidence before this Court, it would not affect
the outcome, because March 15 is still more than 90 days after December 6,
2010.





[4]
            Appellant’s
verified notice of appeal, which states that he received notice of the trial
court’s order on March 21, 2011, was insufficient to satisfy the requirement of
filing a sworn motion, which must be
brought to the trial court’s attention. 
Additionally, appellant did not give notice of any claim under Rule 4.2
or Rule 306a to the other parties or prove the date he received notice in the
trial court.