Opinion issued March
29, 2012.

 



 

 

 

 

 

 

In The

Court of Appeals

For The

First District of
Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-10-00518-CV

____________

 








COTTAGE SCHOOL SYSTEM, INC., Appellant

 

V.

 

FIRST COMMUNITY CREDIT UNION, Appellee

 

 

On Appeal from the 269th District Court

Harris County, Texas

Trial Court Cause No. 2008-43447

 

 



MEMORANDUM OPINION








Appellant,
Cottage School System, Inc., attempts to appeal from the trial court’s judgment
signed February 12, 2010.  

Generally,
a notice of appeal is due within thirty days after a judgment is signed.  See
Tex. R. App. P. 26.1.  The deadline to file a notice of appeal is
extended to 90 days after the date the judgment is signed if, within 30 days
after the judgment is signed, any party files a motion for new trial, motion to
modify the judgment, motion to reinstate, or, under certain circumstances, a
request for findings of fact and conclusions of law.  Id.;
Tex. R. Civ. P. 329b(a), (g).

Furthermore,
if a party does not receive notice or acquire actual knowledge that a judgment
was signed within 20 days of the signing, the date the filing periods discussed
above commence can be changed from the date the judgment is signed to the date
the party first received notice or acquired actual knowledge of the
signing.  See Tex. R. App. P.
4.2(a)(1); Tex. R. Civ. P.
306a(4).   To invoke one of these rules,
the party must file a sworn motion, provide notice to the other parties, and
prove in the trial court the date that notice was received or acquired.  Tex.
R. App. P. 4.2(b); Tex. R. Civ.
P. 306a(5); see In re Lynd Co., 195
S.W.3d 682, 685 (Tex. 2006); In re
Bokeloh, 21 S.W.3d 784, 791 (Tex. App.—Houston [14th Dist.] 2000, orig.
proceeding).

Here, the
trial court signed the final judgment on February 12, 2010. A motion for new
trial was due by March 15, 2010.  The
record shows that appellant filed a motion for new trial on April 23, 2010,
over 30 days past the deadline.  See Tex.
R. Civ. P. 329b(a).  Because the
motion for new trial was untimely filed, it did not extend the deadline for
filing the notice of appeal. See Tex. R. App. P. 26.1(a).  

We note
also that the electronic docket sheet included in the clerk’s record contains a
notation, dated April 19, 2010, stating: “Hearing on defendant’s motion to
extend postjudgment [sic] deadlines . . . Motion granted.  Order signed.”  The record does not, however, contain a copy
of any such order.  Nor does the record
contain a copy of a sworn motion filed by appellant seeking to amend the
commencement date for the post-judgment filing deadlines.  See
Tex. R. App. P. 4.2(b); Tex. R. Civ. P. 306a(5).  Because “a docket entry ‘forms no part of the
record we may consider,’” there is no evidence in the record to establish that
the post-judgment deadlines commenced on any day other than February 12, 2010, the
day the judgment was signed.  See SP
Terrace, L.P. v. Meritage Homes of Tex.,
LLC, 334 S.W.3d 275, 282 (Tex. App.—Houston [1st Dist.] 2010, no pet.)
(quoting Miller v. Kendall, 804
S.W.2d 933, 944 (Tex. App.—Houston [1st Dist.] 1990, no writ)); see also Tex. R. App. P. 4.2(a)(1); Tex.
R. Civ. P. 306a(4).

Therefore,
appellant’s notice of appeal was due by March 15, 2010.  See
Tex. R. App. P. 26.1.    Appellant did not file a notice of appeal
until June 22, 2010, which was 99 days past the deadline and 131 days after the
judgment was signed.  Without a timely
filed notice of appeal, this Court lacks jurisdiction over the appeal.  See Tex. R. App. P. 25.1.

On October
21, 2011, we notified appellant that his appeal was subject to dismissal for
want of jurisdiction unless, by October 31, 2011, he filed a response showing that
this Court has jurisdiction.  Appellant did
not respond. 

Accordingly,
we dismiss the appeal for want of jurisdiction.  See Tex. R. App. P. 42.3(a), 43.2(f).  We dismiss any other pending motions as moot.  

PER CURIAM

 

Panel consists of Justices Jennings, Massengale, and Huddle.