**Opinion issued January 27, 2015**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-14-00859-CV

————————————

**ROBERT LEE LYLES, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 151st Judicial District Court**
**Harris County, Texas**
**Trial Court Cause No. 2009-63597**

---

## MEMORANDUM OPINION

Appellant, Robert Lee Lyles, proceeding *pro se*, attempts to appeal from the

trial court's October 4, 2013 final judgment finding certain assets subject to civil

forfeiture in favor of appellee.[1]  Appellant filed a motion for a stay of the payment of the filing and clerk's record fees because the trial court had not ruled on his October 20, 2014 motion to extend the post-judgment deadlines because he claims that he did not receive notice of the October 4, 2013 final judgment until October 2, 2014.[2]  We dismiss the appeal for want of jurisdiction.

Generally, a notice of appeal is due within thirty days after the judgment is signed.  *See* TEX. R. APP. P. 26.1.  The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if, within 30 days after the judgment is signed, any party files a motion for new trial, motion to modify the judgment, motion to reinstate, or, under certain circumstances, a request for findings of fact and conclusions of law.  *Id.*; TEX. R. CIV. P. 329b(a).

Furthermore, if a party does not receive notice or acquire actual knowledge that a judgment or appealable order was signed within 20 days of the signing, the date the filing periods discussed above commence can be changed from the date

---

[1]  The underlying case is *The State of Texas v. Approx. $4,870.00 and One (1) Sony Laptop Computer and Assorted Equip. as Listed on Attach. "A" and One 2001 Mercedes Benz S500*, Cause No. 2009-63597, in the 151st Judicial District Court of Harris County, Texas, the Honorable Mike Engelhart presiding.  In 2012, the Fourteenth Court affirmed appellant's conviction for engaging in organized criminal activity.  *See Lyles v. State*, No. 14-11-00421-CR, 2012 WL 4465208, at *1 (Tex. App.—Houston [14th Dist.] Sept. 27, 2012, pet. ref'd) (mem. op., not designated for publication).

[2]  Appellant paid for the filing fee on December 5, 2014, and the clerk's record fee on January 7, 2015.

the judgment or appealable order is signed to the date the party first received notice or acquired actual knowledge of the signing. *See* TEX. R. APP. P. 4.2; TEX. R. CIV. P. 306a(4). To invoke one of these rules, the party must file a sworn motion, provide notice to the other parties, and prove in the trial court the date that notice was received or acquired. TEX. R. APP. P. 4.2(b); TEX. R. CIV. P. 306a(5); *see In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding); *In re Bokeloh*, 21 S.W.3d 784, 791 (Tex. App.—Houston [14th Dist.] 2000, orig. proceeding). The filing periods may not, however, begin more than 90 days after the date of signing; therefore, the party must receive notice or acquire actual knowledge of the signing within 90 days of the date the judgment or order is signed for these rules to apply. *See Lynd*, 195 S.W.3d at 683, 685; *Levit v. Adams*, 850 S.W.2d 469, 470 (Tex. 1993); *Bokeloh*, 21 S.W.3d at 791.

Here, the trial court signed the appealable final judgment on October 4, 2013. A notice of appeal was due by November 4, 2013. *See* TEX. R. APP. P. 4.1(a), 26.1. Appellant's notice of appeal was filed in the trial court on October 21, 2014, which is 351 days or almost one year past his deadline. *See* TEX. R. APP. P. 9.2(b), 26.1.

On December 3, 2014, the Clerk of this Court notified appellant that his appeal was subject to dismissal for want of jurisdiction unless he filed a response showing that this Court has jurisdiction over this appeal. Appellant timely filed a

3

response by filing a "Bill of Review and/or Request[] for Special Appearance."[3] However, "'[a] bill of review is an equitable *proceeding* brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or appeal.'" *Seaprints, Inc. v. Cadleway Props., Inc.*, 446 S.W.3d 434, 439 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (quoting *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam)) (emphasis added); *see* TEX. R. CIV. P. 329b(f). "For this reason, Texas procedure has always mandated that a petition for bill of review be a new lawsuit filed under a different cause number than the case whose judgment the bill of review complainant is attacking." *Amanda v. Montgomery*, 877 S.W.2d 482, 485 (Tex. App.—Houston [1st Dist.] 1994, orig. proceeding) (citations omitted). Thus, because appellant did not bring his petition for bill of review as a separate action, we cannot consider it here. *See id.*

In any event, even if we construe appellant's bill of review together with his motion for stay as a motion for an extension of time to file the notice of appeal, we dismiss it as moot because they do not show that this Court has jurisdiction. In his response, appellant states that he did not receive notice of the trial court's October 4, 2013 final judgment until nearly a year later on October 1, 2014. Insofar as appellant seeks to invoke Rule of Appellate Procedure 4.2 or Rule of Civil

---

[3] A special appearance does not apply here because Rule 120a states that it must be made by a sworn motion for the purpose of objecting to the trial court taking personal jurisdiction of that person. TEX. R. CIV. P. 120a(1).

4

Procedure 306a, appellant's receipt of notice of the signing of the final judgment more than 90 days after it was signed precludes their application. *See Lynd*, 195 S.W.3d at 683, 685; *Levit*, 850 S.W.2d at 470; *Bokeloh*, 21 S.W.3d at 791.

Moreover, even if appellant had received the final judgment within 90 days, neither Rule 4.2 nor Rule 306a would apply. *See* TEX. R. APP. P. 4.2(b); TEX. R. CIV. P. 306a(5). Appellant failed to file a sworn motion, provide notice to the other party, and prove in the trial court that he received notice or acquired knowledge of the trial court's final judgment more than 20 but less than 91 days after the date the order was signed.[4] *See Lynd*, 195 S.W.3d at 685; *Bokeloh*, 21 S.W.3d at 791, 792.

Because appellant's notice of appeal was filed more than one year after the trial court's October 4, 2013 final judgment was signed, it was not timely. *See* TEX. R. APP. P. 26.1, 26.3. Without a timely filed notice of appeal, this Court lacks jurisdiction over the appeal. *See* TEX. R. APP. P. 25.1.

Accordingly, we dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a), 43.2(f). We dismiss all pending motions as moot.

---

[4] Appellant's motion for stay, which states that he received notice of the final judgment on October 2, 2014, is insufficient to satisfy the requirement of filing a sworn *motion*, which must be brought to the trial court's attention. Additionally, appellant did not give notice of any claim under Rule 4.2 or Rule 306a to the other party or prove the date he received notice in the trial court.

**PER CURIAM**

Panel consists of Justices Keyes, Higley, and Brown.