Robert Wayne POWELL, Appellant,

v.

Jo Adams McCAULEY, Appellee.

No. 01–02–00432–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 12, 2002.

---

Pamela E. George, Houston, for Appellant.

John D. Payne, Houston, for Appellee.

Panel consists of Justices TAFT, JENNINGS, and HANKS.

1. Tex.R. Civ. P. 306a.

## OPINION

TERRY JENNINGS, Justice.

The trial court granted a final summary judgment against appellant, Robert Wayne Powell (Powell), and in favor of appellee, Jo Adams McCauley (McCauley), in her suit to collect on a debt incurred during their previous marriage. In four issues, Powell contends that the trial court erred in granting McCauley's motion to reinstate her case after it had been dismissed for want of prosecution and in granting McCauley's motion for summary judgment.

We reverse and remand.

### Facts and Procedural Background

Powell and McCauley were married in 1986, separated in 1987, and divorced in 1989. An issue in the divorce was the payment of a $6,000 loan owed by Powell to McCauley's parents, who filed suit in the County Court at Law Number 2 in Harris County, Texas, to collect on the debt. McCauley paid the debt to her parents, and the parent's case was dismissed for want of prosecution. McCauley contends that her parents then assigned their cause of action to her, and she filed an amended petition based upon the assignment. The case was transferred from the county court at law to the 247th District Court in Harris County, and was subsequently transferred to the 311th District Court in Harris County. During the transfer process from the county court at law to the district courts, most of the file disappeared and was lost.

On November 29, 2001, the trial court dismissed McCauley's suit for want of prosecution. McCauley filed a motion to reinstate her suit on January 11, 2002, pursuant to Rule 306a,[1] notifying the trial

court of the date that McCauley's counsel received actual notice of the dismissal and noting that it was more than 20 days after the date the case had been dismissed. The record reflects that McCauley's counsel provided Powell with notice of a hearing on the motion to reinstate. At the hearing held on January 25, 2002, the trial court signed an order reinstating McCauley's suit on the docket.

In addition to the issue of reinstatement, the record reflects that, at the January 25th hearing, the trial court took up the matter of McCauley's previously filed motion for summary judgment on the issue of whether Powell owed a debt to McCauley's parents. Powell's counsel did not attend the hearing and did not contest the reinstatement of the case or the granting of the summary judgment, although he signed the judgment "approved as to form." The record reveals that the trial court based its ruling on two documents from the county court at law: (1) a date-stamped copy of McCauley's motion for summary judgment and (2) a date-stamped copy of Powell's motion to reconsider summary judgment.

The final summary judgment signed by the trial court ordered Powell to pay McCauley $6,000 plus pre-judgment and post-judgment interest. Powell did not request findings of fact or conclusions of law from the trial court, and he filed a motion for a new trial, challenging only the summary judgment. On April 8, 2002, a hearing was held on Powell's motion for new trial, which the trial court denied.

### Reinstatement

In his first three issues, Powell contends that the trial court abused its discretion in granting McCauley's motion to reinstate the case because the trial court had lost its plenary power and did not have jurisdiction to consider the motion.

A trial court's plenary power to grant a new trial or vacate, modify, correct, or reform a judgment is extended when a party adversely affected by the judgment or her attorney fails to receive notice or actual knowledge of the judgment within 20 days after the judgment is signed. Tex.R. Civ. P. 306a(4). In cases where notice or actual knowledge is not timely obtained, the period of the trial court's plenary power runs from the date the party or her attorney receives notice or actual knowledge of the trial court's judgment, whichever occurs first. *Id.* Filing a motion that complies with the requirements of Rule 306a invokes the trial court's jurisdiction for the limited purpose of holding a 306a hearing and determining the date of notice. *Mem'l Hosp. v. Gillis,* 741 S.W.2d 364, 365–66 (Tex.1987); *In re Bokeloh,* 21 S.W.3d 784, 791 (Tex.App.-Houston [14th Dist.] 2000) (orig.proceeding).

Rule 306a places the burden of establishing its applicability on the party seeking the extension. *Womack–Humphreys Architects, Inc. v. Barrasso,* 886 S.W.2d 809, 813 (Tex.App.-Dallas 1994, writ denied). Rule 306a(5) prescribes the procedure for claiming this exception as follows:

> In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

Tex.R. Civ. P. 306a(5). If the sworn motion fails to allege facts that would establish the application of Rule 306a(4), any order determining the date of notice is

void. *Gillis*, 741 S.W.2d at 365–66; *Bokeloh*, 21 S.W.3d at 791–92.

Similarly, the Texas Rules of Appellate Procedure provide an extension of the appellate timetable for parties who do not receive timely notice that a trial court has signed a judgment against them. Tex. R.App. P. 4.2(a)(1); *Cantu v. Longoria*, 878 S.W.2d 131, 132 (Tex.1994) (orig.proceeding). Rule 4.2(c) explains that, "[a]fter hearing the motion, the trial court must sign a written order that finds the date when the party or the party's attorney first either received notice or acquired actual knowledge that the judgment or order was signed." Tex.R.App. P. 4.2(c). Failure to hold a hearing and make a finding once a prima facie case is established constitutes an abuse of discretion. *Cantu*, 878 S.W.2d at 131–32 (noting that trial court is required to hold hearing and make finding when party presents proof of date of notice in trial court).

Powell cites *In re Bokeloh* in support of his argument that the trial court's plenary power had already expired when it reinstated McCauley's suit. Powell interprets *Bokeloh* to require a trial court to sign a written order that must include the date on which the party received notice or acquired actual knowledge that the judgment or order was signed. Here, Powell argues that the "the trial court signed no order finding the date that either Ms. McCauley or her attorney first received notice or acquired actual knowledge of the order of dismissal." Powell further contends that "McCauley failed to establish a new date for the trial court's plenary power to commence." Thus, Powell argues that the trial court's jurisdiction expired 30 days after the dismissal for want of prosecution and that the trial court's order of reinstatement was "void from its inception."

We find the facts in *Bokeloh* distinguishable from the facts in the present case.

The plaintiffs in *Bokeloh* did not follow the procedural guidelines to invoke the trial court's limited jurisdiction to hold a 306a hearing, and the trial court incorrectly reinstated the case on its own motion. *In re Bokeloh*, 21 S.W.3d at 793–94. The Fourteenth Court of Appeals found that the plaintiffs in *Bokeloh* failed to file a sworn motion for reinstatement, failed to present evidence in a hearing as to the date of their actual knowledge or receipt of notice, and failed to obtain a written order with findings. *Id.* at 792. Thus, the trial court's order of reinstatement in *Bokeloh* was void from its inception. *Id.* at 793.

Here, McCauley's sworn motion to reinstate asserted that the "actual notice that the case had been dismissed was not received until December 20th or 21st [2001], or more than 20 days after the date the case had been dismissed." Because McCauley's motion met the requirements of Rule 306a(5), the trial court's jurisdiction was properly invoked to hold a 306a hearing. Tex.R. Civ. P. 306a(5). The record indicates that the trial court held a 306a hearing and signed a written order to reinstate, stating "the Court has considered the Motion to Reinstate the Case on Docket of Jo Adams McCauley ... [and] ordered that the order dismissing the case is set aside and that the case is reinstated on the docket of this Court, to the same effect as if it had never been dismissed."

If, as here, a trial court does not file findings of fact and conclusions of law, we must presume that the trial court made the findings necessary to support its ruling so long as those implied findings are supported by the record. *Lemons v. EMW Mfg. Co.*, 747 S.W.2d 372, 373 (Tex.1988). The record indicates Powell did not attend the hearing, did not oppose the date of notice, and did not request findings of fact and conclusions of law. Here, the record supports an implied finding that McCau-

ley's counsel received notice of the dismissal for want of prosecution on or about December 20 or 21, 2001. Where implied findings of fact are supported by the evidence, we must uphold the judgment on any legal theory applicable to the case. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987). Thus, we hold that the trial court did not abuse its discretion in granting McCauley's motion to reinstate.

We overrule Powell's first, second, and third issues.

### Summary Judgment

In his fourth issue, Powell contends that the trial court erred in granting a final summary judgment in favor of McCauley.

■ A party moving for traditional summary judgment has the burden of proving that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Nixon v. Mr. Prop. Mgmt.,* 690 S.W.2d 546, 548 (Tex.1985); *Farah v. Mafrige & Kormanik, P.C.,* 927 S.W.2d 663, 670 (Tex. App.-Houston [1st Dist.] 1996, no writ). When deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon,* 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in his favor. *Id.* When a plaintiff moves for summary judgment on its own cause of action, the plaintiff must prove it is entitled to summary judgment by establishing each element of its claim as a matter of law. *Cluett v. Medical Protective Co.,* 829 S.W.2d 822, 825 (Tex.App.-Dallas 1992, writ denied).

Proper summary judgment proof consists of admissions, stipulations of parties, authenticated or certified public records, deposition transcripts, and interrogatory answers. TEX.R. CIV. P. 166a(c). Pleadings themselves, even if sworn, are not summary judgment evidence. *Laidlaw Waste Sys., Inc. v. City of Wilmer,* 904 S.W.2d 656, 660 (Tex.1995).

Powell contends that no summary judgment evidence was before the 311th district court when it signed the order granting a final summary judgment. However, the record indicates that, at the time the trial court considered McCauley's motion for summary judgment, the court examined two documents from the county court at law: (1) a date-stamped copy of McCauley's previously filed motion for summary judgment and (2) a date-stamped copy of Powell's previously filed motion to reconsider summary judgment. Attached to McCauley's motion for summary judgment were excerpts from a deposition of Powell, a filed copy of Powell and McCauley's final divorce decree, and a copy of a canceled $8,000 check from McCauley to her parents. Attached to Powell's motion to reconsider summary judgment was part of a deposition of McCauley and an affidavit of McCauley's counsel. Also attached to Powell's motion were several pleadings from the county court at law, which we will not consider as proper summary judgment proof. *See id.*

Powell contends that the inclusion of McCauley's motion for summary judgment with its attachments and his motion to reconsider summary judgment with its attachments into the record is improper because these documents were not in front of the trial court and not part of its record. Powell argues that the trial court abused its discretion in granting McCauley's motion to determine accurate copies or lost items. *See* TEX.R.APP. P. 34.5(e). Here, the record reflects that the trial court was presented with two filed and date-stamped motions from the county court at law dur-

ing the summary judgment hearing. A case from a statutory county court may be transferred to a district court, and the pleadings from the statutory county court will become part of the case at the district court. *See* Tex. Gov't Code Ann. § 74.121 (Vernon 1998). Thus, the trial court did not abuse its discretion in considering McCauley's motion for summary judgment and the motion to reconsider summary judgment as accurate copies of missing items to be included in the record. *See* Tex.R.App. P. 34.5(e).

Powell initially challenges the trial court's granting of final summary judgment because there was no evidence that a written order of summary judgment was ever granted by the county court at law. However, this is of no consequence because the trial court signed a written final summary judgment. Powell also argues that "errors presented by Ms. McCauley's summary judgment proof are errors of substance and cannot have been waived." However, all of the "errors" complained of by Powell are errors in form, which have been waived. *See* Tex.R. Civ. P. 166a(f).

 Finally, Powell argues that the summary judgment evidence presented to the trial court was legally insufficient to support summary judgment. We agree. McCauley presented no summary judgment evidence that any cause of action was properly assigned from her parents to her. *See Vinson & Elkins v. Moran,* 946 S.W.2d 381, 390 (Tex.App.-Houston [14th Dist.] 1997, pet. dism'd by agr.) (holding assignee may recover either in his own name or in that of his assignor if debt properly assigned). The record contains no sworn testimony or documents which established, as a matter of law, that any cause of action held by McCauley's parents against Powell for his failure to pay the debt due to her parents was properly assigned to McCauley. Therefore, McCau-

ley's proof is legally insufficient to establish her claim against Powell for payment of the debt. *See, e.g., FCLT Loans, L.P. v. Estate of Bracher,* 93 S.W.3d 469, 483 (Tex.App.-Houston [14th Dist.] 2002, no pet.).

We sustain Powell's fourth issue.

### Conclusion

We reverse the judgment of the trial court and remand the case for further proceedings consistent with this opinion.