# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-14-00697-CV

---

**Pamela Mehl, Appellant**

**v.**

**David Stern, Appellee**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 250TH JUDICIAL DISTRICT
### NO. D-1-GN-14-002071, HONORABLE JON N. WISSER, JUDGE PRESIDING

---

## M E M O R A N D U M   O P I N I O N

Pamela Mehl brings this restricted appeal from a no-answer default judgment in which the trial court awarded appellee David Stern title and possession of a 50% interest in residential real property, actual damages, and attorney's fees, and appointed a receiver over the real property at issue. The trial court's title and possession award to Stern was based on its rescission of a prior conveyance by Stern of his 50% interest in the real property to Mehl under a special warranty deed. On appeal, Mehl raises nine issues challenging the default judgment. For the following reasons, we affirm the judgment in part, reverse and vacate the judgment in part, and reverse and remand the case in part to the trial court for further proceedings consistent with this opinion.

**BACKGROUND[1]**

The parties at one time jointly owned residential real property (the Property). As part of a settlement agreement between the parties after litigation in several courts, Stern transferred his 50% interest in the Property to Mehl under a special warranty deed dated May 3, 2013, and Mehl executed a "Deed of Trust to Secure Assumption to [Stern]" (the Assumption), in which Mehl agreed to timely tender mortgage payments on the Property to the preexisting, third-party mortgage-holder and ultimately to refinance the mortgage by 2016.

In June 2014, Stern sued Mehl for breach of contract and trespass to try title. He alleged that Mehl was in material default of the Assumption because she had failed to timely tender at least five monthly mortgage payments to the mortgage-holder. He also alleged that, when he executed and delivered the special warranty deed to Mehl, he "retained an implied and/or express vendor's lien to secure payments required under the Assumption." Stern sought rescission of his conveyance under the special warranty deed of his 50% interest in the Property to Mehl, recovery of title and possession of his 50% interest in the Property, "monetary damages in connection with [his] credit report," the "establishment and foreclosure of the vendor's lien securing [Mehl]'s obligations, and for order of sale," and reasonable attorney's fees. He also sought the appointment of a receiver with the power to sell the Property.

---

[1] The underlying facts are from Stern's petition, taken as true in light of Mehl's failure to answer. *See Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984); *Calderoni v. Vasquez*, No. 03-11-00537-CV, 2012 Tex. App. LEXIS 5245, at *1 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.) (taking summary of facts from appellee's petition as true in light of appellant's default).

After Mehl was served with citation and failed to answer, Stern sought a default judgment. In support of a default judgment, Stern filed a certificate of Mehl's last known mailing address, an affidavit addressing incurred attorney's fees, a nonmilitary affidavit, and a "Mortgage Account Statement" dated July 22, 2014. The trial court thereafter held a hearing on July 29, 2014, and entered a default judgment on the same day in Stern's favor on both of his causes of action. In its judgment, the trial court awarded the following relief: (i) "judgment for title and possession of 50% of the Property based on a rescission of the prior conveyance" under the special warranty deed; (ii) actual damages of $20,000; (iii) attorney's fees of $2,500; and (iv) the appointment of a receiver. The record also includes a copy of the special warranty deed from Stern to Mehl, but no reporter's record was made of the hearing. Mehl thereafter filed a motion for new trial on October 13, 2014, and a notice of restricted appeal on November 4, 2014.

## ANALYSIS

To successfully attack an order by restricted appeal, the appealing party must show that: (1) she brought the appeal within six months after the trial court signed the complained-of judgment or order; (2) she was a party to the suit; (3) she did not participate in the hearing that resulted in the complained-of judgment or order and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent from the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). The record, for purposes of a restricted appeal, consists of the clerk's record and the reporter's record if one was made, and also includes any evidence presented to the trial court before final judgment. *See Norman Commc'ns v. Texas Eastman Co.*, 955 S.W.2d 269, 270 (Tex. 1997)

3

(per curiam); *General Elec. Co. v. Falcon Ridge Apartments, Joint Venture*, 811 S.W.2d 942, 944 (Tex. 1991) ("The rule has long been that evidence not before the trial court prior to final judgment may not be considered in a [restricted appeal] proceeding."). The scope of review is the same as in ordinary appeals, including review of legal and factual insufficiency claims. *Norman*, 955 S.W.2d at 270. However, when the evidence is legally insufficient to support a default judgment, the proper disposition generally is to reverse and remand for a new trial. *See Holt Atherton Indus., Inc. v. Heine*, 835 S.W.2d 80, 86 (Tex. 1992); *Armstrong v. Benavides*, 180 S.W.3d 359, 364 (Tex. App.—Dallas 2005, no pet.) (explaining that, although appellate courts generally reverse and render when sustaining a legal sufficiency challenge, "an exception is made in cases involving default judgments because the facts have not been fully developed").

**Procedural Requirements of Restricted Appeal**

In her first issue, Mehl contends that she satisfied the procedural requirements for maintaining a restricted appeal under Texas Rule of Appellate Procedure 30. *See* Tex. R. App. P. 30; *Alexander*, 134 S.W.3d at 848. Stern does not dispute that Mehl was a party to the suit, that she filed her notice of appeal within six months of the default judgment, and that she did not participate in the hearing that resulted in the default judgment. Stern, however, contends that the restricted appeal should be dismissed because "Mehl filed an arguable timely motion for new trial." Stern focuses on Mehl's statements in her briefing to this Court that she did not receive notice of the judgment from the trial court and "was unaware of entry of the [j]udgment until sometime in October 2014." Stern argues that Mehl could have pursued relief from the trial court under Texas Rule of Appellate Procedure 4.2(a)(1) and Texas Rule of Civil Procedure 306(a)(4) based on her alleged lack of notice

4

of entry of the judgment and, therefore, her motion for new trial that was filed in October 2014 should be considered timely for purposes of her restricted appeal, thereby precluding it. *See* Tex. R. App. P. 4.2(a)(1); Tex. R. Civ. P. 306a(4).

The deadline for a party to file a motion for new trial generally is no later than thirty days after the date the final judgment or order was signed. *See* Tex. R. Civ. P. 329b(a). Texas Rule of Civil Procedure 306a(4) provides an exception to this general rule by extending the deadline for filing a motion for new trial when a party does not receive notice of a judgment within twenty days of the judgment being signed. *See id.* R. 306a(4). To be entitled to an extension for filing a motion for new trial based on lack of notice under this rule, however, a party must comply with specified procedural requirements:

> In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

*Id.* R. 306(a)(5); *Powell v. McCauley*, 126 S.W.3d 158, 160 (Tex. App.—Houston [1st Dist.] 2002, no pet.) ("Rule 306a places the burden of establishing its applicability on the party seeking the extension."). Texas Rule of Appellate Procedure 4.2(a)(1) similarly addresses the extension of appellate deadlines when a party did not receive notice of a trial court's judgment, but that appellate rule does not operate to extend the time deadline to file a motion for new trial under the Texas Rules of Civil Procedure. *See* Tex. R. App. P. 4.2(a)(1); *McCauley*, 126 S.W.3d at 160–61 (comparing Tex. R. App. P. 4.2(a)(1) and Tex. R. Civ. P. 306a).

5

The record reflects that Mehl filed her motion for new trial more than 30 days after the default judgment was signed, *see* Tex. R. Civ. P. 329b(a), and that she did not file a sworn motion under paragraph 5 of Texas Rule of Civil Procedure 306(a) to establish the applicability of paragraph 4. *See id.* R. 306a(5); *McCauley*, 126 S.W.3d at 160 (observing procedural guidelines of rule 306a(5) that must be followed to invoke the trial court's limited jurisdiction to hold a rule 306a hearing); *see, e.g.*, *Approximately $58,641.00 v. State*, 331 S.W.3d 579, 584–86 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (discussing rule 306a(5) procedure in context of restricted appeal and finding that trial court lacked plenary power to consider untimely filed motion for new trial); *Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 185–86 (Tex. App.—Fort Worth 2004, no pet.) (concluding that appellants did not timely file postjudgment motion "for purposes of rule 30" when they filed motion to extend time limits under rule 306a(4) and trial court denied their motion).

On this record, we conclude that Mehl's motion for new trial was not timely filed for purposes of Texas Rule of Appellate Procedure 30. Given that she also satisfied the other procedural requirements—that she was a party to the suit, that she brought her appeal within six months, and that she did not participate in the default judgment hearing, we conclude that Mehl satisfied the procedural requirements to bring this restricted appeal. *See* Tex. R. App. P. 30; *Alexander*, 134 S.W.3d at 848; *Aviation Composite Techs.*, 131 S.W.3d at 185–86. On this basis, we sustain Mehl's first issue.

**Error Apparent on the Face of the Record**

Mehl's second through ninth issues address the substantive element for successfully attacking a restricted appeal: whether error is apparent on the face of the record. *See Alexander*, 134 S.W.3d at 848. Mehl cites the following alleged reversible errors in the trial court's default judgment to support her position that error is apparent on the face of the record: (i) the entry of judgment in the wrong county in violation of mandatory venue provisions (second issue); (ii) the rescission of the land conveyance, which was only a portion of the parties' transaction without evidence in the record to support the rescission (third issue); (iii) the award of $20,000 in actual damages without evidence to support the award (fourth issue); (iv) the award of both rescission and monetary damages for breach of contract (fifth issue); (v) the award of $2,500 in attorney's fees (sixth issue); (vi) the appointment of a receiver in a county where the real property was not located (seventh issue) and "where a party in interest (namely, the first mortgage holder) is not named as a party in the suit" (eighth issue); and (vii) the failure to give Mehl three days notice prior to the hearing appointing the receiver (ninth issue). We limit our review to the dispositive issues. *See* Tex. R. App. P. 47.1.

*Mandatory Venue*

In her second and seventh issues, Mehl contends that Stern filed his petition in the wrong county in violation of the mandatory venue provisions of section 15.011 of the Texas Civil Practice and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code § 15.011 (requiring actions for the recovery of real property to be brought in county in which property located). Stern responds that Mehl waived her objection to venue by failing to file an answer before the default judgment was

7

signed. *See* Tex. R. Civ. P. 86(1) (providing that "an objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a").

The first motion filed by Mehl with the trial court was her motion for new trial and, in that motion, she stated that Stern was her ex-husband and argued that "[t]he divorce and all the matters and events in this cause occurred in Williamson County, Texas, however this suit was wrongfully filed in Travis County, Texas." But, even if we assume without deciding that this statement in her motion for new trial preserved the objections to venue that she raises with this Court, her objection was not before the trial court when it signed the default judgment. *See Conseco Fin. Servicing Corp. v. Klein Indep. Sch. Dist.*, 78 S.W.3d 666, 670 (Tex. App.—Houston [14th Dist.] 2002, no pet.) ("The face of the record for purposes of a restricted appeal consists of all the papers on file before the judgment as well as the reporter's record."). Further, because she did not timely file her motion for new trial, the trial court did not have jurisdiction to consider the arguments in that motion. *See Approximately $58,641.00*, 331 S.W.3d at 586. On this record, we cannot conclude that there is error apparent on the face of the record based on Mehl's subsequent objections to venue in Travis County and, on this basis, we overrule her second and seventh issues.

*Awarded Remedies*

In her remaining issues, Mehl does not challenge the trial court's liability findings against her but the trial court's awarded remedies. *See Lucas v. Clark*, 347 S.W.3d 800, 803 (Tex. App.—Austin 2011, pet. denied) ("When a no-answer default judgment is rendered, the defendant's liability for all causes of action pleaded is conclusively established and all allegations of fact set forth

8

in the petition are deemed admitted, except the amount of unliquidated damages." (citing *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (per curiam); *Texas Commerce Bank, N.A. v. New*, 3 S.W.3d 515, 516 (Tex. 1999) (per curiam))); *see also Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 731 (Tex. 1984) ("[I]f the facts set out in the petition allege a cause of action, a default judgment conclusively establishes the defendant's liability."). As previously stated, Mehl challenges the awarded remedies of rescission of the conveyance under the special warranty deed, actual damages, attorney's fees, and the appointment of a receiver.

As to the award of the amount of $20,000 in actual damages, we agree with Mehl's argument in her fourth issue that this award constitutes error apparent on the face of the record. "After a default judgment occurs, unliquidated damages, i.e., damages not expressly provided for within a written instrument, must be proven to the trial court." *Lucas*, 347 S.W.3d at 803 (citing Tex. R. Civ. P. 243); *see Heine*, 835 S.W.2d at 83 (requiring court rendering default judgment to hear evidence of unliquidated damages); *cf. Whitaker v. Rose*, 218 S.W.3d 216, 220 (Tex. App.—Houston [14th Dist.] 2007, no pet.) ("For liquidated damages, a trial court can render a default judgment if it can verify the damages by referring to the allegations in the petition and the written instruments." (citing Tex. R. Civ. P. 241)).

To support the trial court's award of actual damages, Stern points to his factual allegation in his petition that at least five mortgage payments were past due and argues that "an award of $20,000 was necessary to address the significant arrears on the mortgage and/or to compensate Stern for damages to his credit." He also filed a "Mortgage Account Statement" with

the trial court to support his request for default judgment.[2] Damages in connection with Stern's credit, however, were unliquidated damages and, thus, Stern was required to submit competent evidence to support this claim. *See* Tex. R. Civ. P. 243; *Morgan*, 675 S.W.2d at 731; *Clark*, 347 S.W.3d at 803; *Rose*, 218 S.W.3d at 224 (reversing award of unliquidated damages in default judgment when "no evidence of at least one possible damage element"); *see also Mead v. Johnson Grp.*, 615 S.W.2d 685, 688 (Tex. 1981) (holding that "actual damages for loss of credit or injury to credit reputation in an action for breach of contract may be recovered when there is evidence that loss of credit was a natural, probable, and foreseeable consequence of the defendant's breach"). Stern also only pleaded for damages in "connection with [his] credit report" as to his breach of contract claim. *See* Tex. R. Civ. P. 47(a) (stating pleading requirement of "fair notice of the claim involved"); *Morgan*, 675 S.W.2d at 731–32 (requiring plaintiff seeking no-answer default judgment to prove amount of unliquidated damages in relation to factual allegations in pleadings); *Said v. Allstate Ins. Co.*, No. 01-12-00435-CV, 2013 Tex. App. LEXIS 10762, at *4–5 (Tex. App.—Houston [1st Dist.] Aug. 27, 2013, no pet.) (mem. op.) ("At the trial on damages [when a no-answer default judgment is rendered], the plaintiff must prove by competent evidence the amount of unliquidated damages consistent with the cause of action pleaded."); *see generally Calderoni v. Vasquez*, No. 03-11-00537-CV, 2012 Tex. App. LEXIS 5245 (Tex. App.—Austin June 26, 2012, no pet.) (mem. op.) (discussing pleading requirements in context of restricted appeal of no-answer default judgment). Based on our review of the record, Stern did not present competent evidence to

---

[2] The monthly account statement reflects amounts owed to the third-party mortgage holder, not amounts owed to Stern.

support an actual damages award in the amount of $20,000. Thus, we conclude that there is error apparent on the face of the record as to this award, and we sustain Mehl's fourth issue on this basis.

We also agree with Mehl's argument in her fifth issue that, on this record, the trial court improperly awarded the remedies of both rescission of Stern's conveyance of his interest in the Property to Mehl and actual damages. A party generally is not entitled to a double recovery for the same injury. *Waite Hill Servs., Inc. v. World Class Metal Works, Inc.*, 959 S.W.2d 182, 184 (Tex. 1998) (per curiam) ("A double recovery exists when a plaintiff obtains more than one recovery for the same injury."); *see Stewart Title Guar. Co. v. Sterling*, 822 S.W.2d 1, 7 (Tex. 1991) ("The one satisfaction rule applies to prevent a plaintiff from obtaining more than one recovery for the *same injury*."). Stern sought rescission of the conveyance of his 50% interest in the Property under the special warranty deed based on an "implied and/or express vendor's lien to secure payments required under the Assumption" and breach of contract based on Mehl's failure to make required payments, but he did not file a copy of the Assumption or the parties' settlement agreement or otherwise allege facts or present evidence to support an award of rescission of the conveyance from Stern to Mehl in addition to actual damages for breach of contract.**[3]** *See Waite Hill*, 959 S.W.2d at 184; *Scott*

---

**[3]** By our holding, we expressly do not foreclose on remand the award of both remedies of rescission of the conveyance plus damages for harm to Stern's credit based on his breach of contract claim in the event that Stern presents evidence establishing that the award of monetary damages would be an inadequate remedy and that the award of rescission without damages for harm to his credit also would be an inadequate remedy. *See In re Smith*, 115 S.W.3d 126, 134 (Tex. App.—Texarkana 2003, pet. denied) (stating general rule that "equity will not allow rescission of a contract for the mere breach of the contract, especially when damages would be an adequate remedy"); *Ferguson v. DRG/Colony North, Ltd.*, 764 S.W.2d 874, 886 (Tex. App.—Austin 1989, writ denied) (noting that "[t]here is authority that a party seeking the equitable remedy of rescission must plead and prove the absence of an adequate remedy at law"); *see also Drake v. Chase Bank*, No. 02-13-00340-CV, 2014 Tex. App. LEXIS 12572, at *3 (Tex. App.—Fort Worth Nov. 20, 2014,

11

*v. Sebree*, 986 S.W.2d 364, 368 (Tex. App.—Austin 1999, pet. denied) (stating that rescission is "equitable remed[y] used as substitute[] for monetary damages when such damages would not be adequate"); *see, e.g.*, *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 345 (Tex. 2011) ("Rescission is an equitable remedy and, as a general rule, the measure of damage is the return of the consideration paid, together with such further special damage or expense as may have been reasonably incurred by the party wronged on account of the contract." (quoting *Smith v. National Resort Cmtys., Inc.*, 585 S.W.2d 655, 660 (Tex. 1979))); *Aegis Ins. Holding Co. v. Gaiser*, No. 04-05-00938-CV, 2007 Tex. App. LEXIS 2364, at *12 (Tex. App.—San Antonio Mar. 28, 2007, pet. denied) (mem. op.) (concluding that investor plaintiffs were "entitled to recover only 'one satisfaction' for their injury," which recovery would be "*either* through rescission or through damages"). Thus, we conclude that there is error apparent on the face of the record as to the combined award of the remedies of actual damages and rescission of the conveyance and sustain Mehl's fifth issue on this basis.

Because we have concluded that error is apparent on the face of the record as to the awarded remedies of damages and rescission on the above stated grounds, we do not address Mehl's third issue which also challenges the rescission of the Property's conveyance on different grounds. *See* Tex. R. App. P. 47.1. As to Mehl's sixth, eighth, and ninth issues challenging the award of

---

no pet.) (mem. op.) (observing that party may recover loss-of-credit damages for breach of contract but that "Texas does not recognize an independent claim for irreparable harm to credit"); *Turner v. Turner*, No. 09-06-00570-CV, 2008 Tex. App. LEXIS 4720, at *9–10 (Tex. App.—Beaumont June 26, 2008, pet. denied) (mem. op.) (concluding that evidence did not support award of both rescission and damages and that trial court erred in granting both remedies when plaintiff "did not demonstrate that the damages awarded to him [were] inadequate or that rescission was required to fully compensate him" for opposing parties' breach of agreement).

attorney's fees and the appointment of a receiver, we also do not address those issues except to reverse the award of attorney's fees and vacate the appointment of the receiver and remand those remedies for the trial court's reconsideration in light of our reversal of the trial court's awards of damages and rescission. *See id.* R. 44.1(b) (addressing when partial remand is appropriate); Tex. Civ. Prac. & Rem. Code § 38.001 (authorizing recovery of reasonable attorney's fees for contract claim "in addition to the amount of a valid claim and costs"); *Mustang Pipeline Co. v. Driver Pipeline Co.*, 134 S.W.3d 195, 201 (Tex. 2004) (per curiam) (requiring party to recover damages to be entitled to attorney's fees in breach of contract case); *Brown v. Ogbolu*, 331 S.W.3d 530, 535 (Tex. App.—Dallas 2011, no pet.) (reversing award of attorney's fees based on reversal of damages awarded for breach of contract); *Argyle Mech., Inc. v. Unigus Steel, Inc.*, 156 S.W.3d 685, 688 (Tex. App.—Dallas 2005, no pet.) (reversing award of attorney's fees based on reversal of damages and remanding both for new trial).[4]

## CONCLUSION

For these reasons, we affirm the trial court's default judgment as to its liability findings against Mehl, reverse the judgment as to the awarded remedies, vacate the appointment of the receiver, and remand the case to the trial court for further proceedings consistent with this opinion.

---

[4] In his petition, Stern sought attorney's fees under section 38.001 of the Texas Civil Practice and Remedies Code. *See Martin v. Amerman*, 133 S.W.3d 262, 267 (Tex. 2004) (observing that attorney's fees are not available under a trespass to try title claim because they are not provided under the Texas Property Code).

_____

Melissa Goodwin, Justice

Before Justices Puryear, Goodwin and Bourland

Affirmed in Part; Reversed and Vacated in Part; Reversed and Remanded in Part

Filed:   July 28, 2016