

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00470-CV

**WELLS FARGO BANK, N.A.**,
Appellant

v.

Shaun L. **WESEMANN**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 2023CI16782
Honorable Antonia Arteaga, Judge Presiding

PER CURIAM

Sitting:      Liza A. Rodriguez, Justice
                Lori I. Valenzuela, Justice
                Lori Massey Brissette, Justice

Delivered and Filed: October 16, 2024

DISMISSED FOR LACK OF JURISDICTION

On August 14, 2023, Wells Fargo Bank, N.A. ("Wells Fargo") sued Shaun L. Wesemann for breach of contract, alleging that he failed to abide by the terms of his credit card customer agreement. On November 30, 2023, after Wesemann failed to file an answer to the lawsuit, Wells Fargo moved for default judgment. On March 15, 2024, the trial court granted the motion and signed a default judgment awarding Wells Fargo monetary damages in the amount of $3,778.00. On May 21, 2023, Wells Fargo filed a motion to reconsider, arguing that the trial court should

have granted the full amount it requested—$7,566.00. On July 12, 2024, Wells Fargo filed a notice of appeal, stating its intent to appeal from the March 15, 2024 default judgment.

Because the trial court's judgment was signed on March 15, 2024, the notice of appeal or a post-judgment pleading extending the time for filing a notice of appeal was due to be filed on April 15, 2024. *See* TEX. R. APP. P. 26.1. The clerk's record reflects Wells Fargo did not file its motion to reconsider until May 21, 2024. Because Wells Fargo's motion to reconsider was not timely filed, the time for filing a notice of appeal was not extended. *See id*. Thus, the notice of appeal filed on July 12, 2024 was untimely. In its notice of appeal, Wells Fargo stated that it did not know about the signing of the default judgment until April 22, 2024. Because it appeared that Wells Fargo's notice of appeal was untimely filed, we ordered Wells Fargo to show cause why this appeal should not be dismissed for lack of jurisdiction. Wells Fargo filed a response, again stating that it did not receive notice of the default judgment until April 22, 2024 and requesting that this court imply such a finding.

"[T]rial courts retain plenary power over their judgments until they become final, and during that time, [a] court may grant a new trial or vacate, modify, correct, or reform the judgment." *In re Panchakarla*, 602 S.W.3d 536, 539 (Tex. 2020) (orig. proceeding) (citation omitted). Pursuant to Texas Rule of Civil Procedure 329b, "regardless of whether an appeal has been perfected, [a trial court] has plenary power to grant a new trial or to vacate, modify, correct or reform the judgment within thirty days after the judgment is signed." TEX. R. CIV. P. 329b(d). If a motion for new trial, or a motion to modify, correct, or reform a judgment is timely filed within thirty days of the signing of the judgment, the trial court's plenary power and the time for perfecting an appeal is extended to "thirty days after all such timely-filed motions are overruled, either by a written and signed order or by operation of law, whichever occurs first." TEX. R. CIV. P. 329b(e), (g).

"The date the judgment or final order is signed starts the deadlines for filing post-judgment motions and for perfecting an appeal." *Perez v. Perez*, 658 S.W.3d 864, 869 (Tex. App.—El Paso 2022, no pet.) (citing TEX. R. CIV. P. 306a(1)). "The period of the court's plenary power to change the judgment is also calculated from the date the final judgment is signed." *Id*. (citing TEX. R. CIV. P. 329b(e)). "When a final judgment or other appealable order is signed, the clerk of the court must immediately give notice to the parties or their attorneys of record advising that the judgment or order was signed." *Id*. (citing TEX. R. CIV. P. 306a(3)). "Once the trial court's plenary power expires, the trial court generally cannot sign, in the same case, an order in which the court sets aside, vacates, modifies, corrects, or reforms its judgment, and an order in which it does is generally void." *Id*. (citing *Middleton v. Murff*, 689 S.W.2d 212, 213-14 (Tex. 1985), and *In re Martinez*, 478 S.W.3d 123, 126 (Tex. App.—Houston [14th Dist.] 2015, no pet.)).

Texas Rule of Civil Procedure 306a provides for an exception to this general rule:

> **No notice of judgment.** If within twenty days after the judgment or other appealable order is signed, a party adversely affected by it or his attorney has neither received the notice required by paragraph (3) of this rule nor acquired actual knowledge of the order, then with respect to that party all the periods mentioned in paragraph (1) shall begin on the date that such party or his attorney received such notice or acquired actual knowledge of the signing, whichever occurred first, but in no event shall periods begin more than ninety days after the original judgment or other appealable order was signed.

TEX. R. CIV. P. 306a(4). Thus, under Rule 306a, if a person first receives notice or acquires actual knowledge of the signing of the judgment more than twenty days, but less than ninety-one days, after the judgment was signed, the party may file a motion under Rule 306a. *See id*.; *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding). The Rule 306a "motion must be filed before the trial court's plenary power—measured from the date of notice established under Rule 306a(4)—expires." *In re Lynd Co.*, 195 S.W.3d at 685. To establish the application of Rule 306a(4), the party adversely affected must "prove in the trial court, on sworn motion and notice,

the date on which the party first acquired notice or actual knowledge of the signing and that this date was more than twenty days after the judgment was signed." *Perez*, 658 S.W.3d at 870 (citing TEX. R. CIV. P. 306a(4) and (5)). "The sworn motion establishes a prima facie case that the party lacked timely notice and invokes a trial court's otherwise-expired jurisdiction for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment." *In re Lynd Co.*, 195 S.W.3d at 685; *see* TEX. R. CIV. P. 306a. Thus, if the trial court determines the party first received notice or acquired actual knowledge of the signing of the judgment more than twenty days but less than ninety-one days after the judgment was signed, the trial court's plenary power will be extended, and the usual appellate timetables will not begin to run until the date determined by the trial court. *See* TEX. R. CIV. P. 306a(4); *In re Lynd Co.*, 195 S.W.3d at 685. "Compliance with the provisions of Rule 306a is a jurisdictional prerequisite." *Perez*, 658 S.W.3d at 870 (quoting *Carrera v. Marsh*, 847 S.W.2d 337, 342 (Tex. App.—El Paso 1993, no writ)).

Here, the trial court signed its judgment on March 15, 2024. Wells Fargo asserts that it first received notice or actual knowledge of the judgment on April 22, 2024, which is more than twenty days, but less than ninety days, after the signing of the judgment. Thus, Wells Fargo could have filed a motion with the trial court under Rule 306a. *See* TEX. R. CIV. P. 306a. The clerk's record does not reflect that Wells Fargo filed such a motion, and in its written response, Wells Fargo does not claim to have filed a Rule 306a motion.

Instead, Wells Fargo argues this court may imply the finding of when Wells Fargo first received notice or acquired actual knowledge of the trial court's judgment from the record. It is true that Rule 306a "does not require that the trial court issue a signed order with [a Rule 306a] finding." *In re Lynd Co.*, 195 S.W.3d at 686. It is also true that "when the trial court fails to specifically find the date of notice, the finding may be implied from the trial court's judgment" *in*

*certain circumstances*. *Id*. Thus, in *In re Lynd Co*., the supreme court disagreed "with the court of appeals' holding that the trial court did not properly invoke its plenary power to grant Lynd's motion for new trial because it omitted a written finding of the date Lynd received notice of final judgment." *Id*. The supreme court noted that Lynd had "timely filed its Rule 306a sworn motion and accompanying motion for new trial within thirty days of first receiving notice of the judgment." *Id*. The supreme court explained that "Rule 306a operated to extend the trial court's plenary power to grant Lynd's motion for new trial." *Id*.

Similarly, in *Powell v. McCauley*, 126 S.W.3d 158 (Tex. App.—Houston [1st Dist.] 2003, no pet.), the court of appeals was able to make an implied Rule 306a finding in support of the judgment. In that case, the trial court dismissed the plaintiff's lawsuit for want of prosecution on November 29, 2001. *Id*. at 159. On January 11, 2002, the plaintiff filed a motion to reinstate her lawsuit pursuant to Rule 306a, explaining that she had not received actual notice of the trial court's dismissal until more than twenty days after the dismissal was signed. *Id*. at 159-60. At a hearing held on January 25, 2002, the trial court signed an order reinstating the plaintiff's lawsuit on the docket. *Id*. at 160. On appeal, the court of appeals noted that while the trial court had not made a specific finding of fact, its order stated that it had considered the plaintiff's motion to reinstate pursuant to Rule 306a and "ordered that the order dismissing the case is set aside and that the case is reinstated on the docket of this Court, to the same effect as if it had never been dismissed." *Id*. Under these facts, the court of appeals made an implied finding to support the trial court's ruling. *Id*.

These holdings in *In re Lynd* and *Powell* are distinguishable from the facts presented in this case. Wells Fargo did not file a sworn motion with the trial court pursuant to Rule 306a. Thus, Wells Fargo simply did not invoke the application of Rule 306a. Wells Fargo appears to argue that it did not need to file a Rule 306a motion in the trial court because it is "undisputed" that it did not

receive notice until April 22, 2024. However, as noted previously, "[c]ompliance with the provisions of Rule 306a is a jurisdictional prerequisite." *Perez*, 658 S.W.3d at 870 (quoting *Carrera*, 847 S.W.2d at 342); *see also* TEX. R. CIV. P. 306a(5) ("In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed."). Thus, the exception provided by Rule 306a(4) does not apply. *See Perez*, 658 S.W.3d at 871.

Because Rule 306a does not apply, the appellate deadlines were not extended and Wells Fargo did not file a timely notice of appeal. *See* TEX. R. APP. P. 26.1. Without a timely filed notice of appeal, no jurisdiction was conferred upon this court. *Bonnet v. Quinn*, No. 04-22-00813-CV, 2023 WL 4217670, at *1 (Tex. App.—San Antonio June 28, 2023, no pet.). Therefore, we dismiss this appeal for lack of jurisdiction.

PER CURIAM