

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-24-00511-CV

_____

CHAU ONG, Appellant

V.

YU TING WANG, D.D.S. AND WINFORD KO, M.D., Appellees

On Appeal from the 158th District Court
Denton County, Texas
Trial Court No. 24-4441-158

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

## I. INTRODUCTION

Appellant Chau Ong appeals from the trial court's default judgment rendered against him in a suit brought by Appellees Yu Ting Wang and Winford Ko for breach of contract and violations of the Texas Deceptive Trade Practices Act (DTPA).

In two issues, Ong complains that the trial court erred by denying (1) his Rule 306a motion and (2) his motion for new trial. Because the trial court did not err by denying his Rule 306a motion, Ong's notice of appeal is untimely, and we dismiss his appeal.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On May 20, 2024, Wang and Ko filed suit against Ong for breach of contract and DTPA violations. On June 20, having been unable to serve him despite numerous attempts, they filed a motion for substituted service.[1] In support of their motion, Wang and Ko included two exhibits.

The first exhibit was an affidavit of due diligence from a Texas process server who attested that he went to Ong's residence, spoke with Ong's son, and discovered that Ong was in California. Later that day, the process server spoke with Ong on the phone, who said that he would meet a process server in California to accept service. Ong also said that he would be home for Father's Day and would accept service on

---

[1]Wang and Ko's attorney also filed a declaration attesting that Ong was not on active duty in any branch of the United States military.

June 17, 2024, at his Texas residence. Additionally, Ong provided the process server with the address in California where he was currently staying. On June 17, 2024, the process server returned to Ong's residence but discovered that Ong had left for California on June 16th. The process server attempted to contact Ong again but was unable to reach him.

The second exhibit was an affidavit of nonservice from a California process server. The process server attested that he attempted to serve Ong on May 28th, May 29th, June 1st, and June 3rd—each time without success.

The trial court granted the motion and authorized Wang and Ko to serve Ong by (1) sending the citation via certified mail to Ong's Texas residence and (2) leaving a copy of the citation with any person older than sixteen at Ong's Texas address.

On June 22, 2024, the Texas process server delivered (1) the citation, (2) plaintiff's original petition, and (3) order granting plaintiff's motion for substitute service to Phoung Nguyen[2] at Ong's residence. On June 24, 2024, the same documents were delivered via certified mail and received at Ong's Texas residence.[3]

On July 31, 2024, Wang and Ko filed a motion for default judgment. They explained that Ong was served with citation by substituted service on June 22, 2024,

---

[2]In a subsequent declaration in support of one of his motions, Ong explains that he knows Phoung Nguyen and that she is his mother's caretaker and the maid at his Texas residence.

[3]The certified mail return for the substituted service does not identify who received the documents—it merely states, "Delivered, Left with Individual."

and June 24, 2024 and that the deadline to file an answer was July 15, 2024. Ong had not filed an answer or any other pleadings that constituted an answer. On August 5, 2024, the trial court signed a default judgment against Ong.

On August 9, 2024, a copy of the notice of judgment was delivered via certified mail to Ong's Texas residence and left with an individual.[4] On September 30, 2024, a constable attempted to serve Ong with a writ of execution. Unable to reach him, the constable contacted Ong's sister, who explained that Ong was in California. The constable provided Ong's sister with information about the suit and requested that Ong contact the constable's office.

On October 15, 2024, Ong filed two motions: a motion to set new judgment date (Rule 306a motion) and a motion for new trial.[5] Contending that he did not receive notice of the judgment until September 15, 2024, Ong requested that the trial court "establish and set September 15, 2024, as the date of the judgment for appellate purposes." In support of his Rule 306a motion, Ong signed a declaration that claimed, among other things, that he had no idea he had been sued until September 15, 2024, when his sister texted him a copy of the default judgment. The next day, the trial court denied both of his motions without a hearing.

---

[4]Again, the certified mail return for the judgment does not identify who received the document.

[5]Ong's motion for new trial included a factual background and identified the relief requested, but it did not articulate the "basis for the motion"—that portion of the motion was entirely blank.

However, on November 4, 2024, Ong requested a hearing for both of his motions. Later that month, Wang and Ko filed a response in opposition to Ong's motions. They contended that Ong's motion to set new judgment date lacked merit because it did not comply with the requirements under Rule 306a(5) and that his motion for new trial failed the *Craddock* test.[6] Ong filed a notice of appeal on November 14, 2024.

On December 3, 2024, the trial court heard both of Ong's motions. The trial court denied his Rule 306a motion and found "that [Ong] received notice of the Default Judgment on August 9, 2024, based upon the evidence and taking into consideration the contents of the Court's file (Judicial Notice was taken of such) and the reliability of the evidence and argument from both parties." The trial court then denied his motion for new trial as untimely. This appeal followed.

## III. DISCUSSION

### A. DENIALS OF RULE 306A MOTION & MOTION FOR NEW TRIAL

The crux of this appeal is found in Ong's various motions as measured against appellate filing deadlines. Consequently, we first address the trial court's denial of his Rule 306a motion that sought to establish a new judgment date. This determination will shape our review of both issues. Ong asserts in his first issue that the trial court

---

[6]To set aside a no-answer default judgment and receive a new trial, a moving party must satisfy the requirements for a new trial set forth in *Craddock v. Sunshine Bus Lines*. 133 S.W.2d 124, 126 (Tex. 1939).

5

should have granted his Rule 306a motion, but because he fails to show error, we disagree.

## 1. Applicable Law

Generally, a motion for new trial and a notice of appeal must be filed prior to or within 30 days after the judgment is signed. Tex. R. Civ. P. 329b(a). An exception to this rule exists when a party adversely affected by a judgment did not receive notice nor acquire actual knowledge of the judgment within the time frame set forth in Rule 329b. *See* Tex. R. Civ. P. 306a(4), 329b. Texas Rule of Civil Procedure 306a(5) prescribes the procedure for utilizing this exception:

> In order to establish the application of paragraph (4) of this rule, the party adversely affected is required to prove in the trial court, on sworn motion and notice, the date on which the party or his attorney first either received a notice of the judgment or acquired actual knowledge of the signing and that this date was more than twenty days after the judgment was signed.

Tex. R. Civ. P. 306a(5).

"[I]f the party . . . (1) complies with the sworn motion, notice[,] and hearing requirements mandated by Rule 306a(5), and (2) proves it received notice of the judgment more than twenty (but less than ninety-one) days after it was signed," then "[p]ost-judgment procedural timetables—including the period of the trial court's plenary power—run from the day [the] party receives notice of [the] judgment, rather

6

than the day judgment is signed."[7]  *In re Lynd Co.*, 195 S.W.3d 682, 685 (Tex. 2006) (orig. proceeding).  The sworn Rule 306a(5) motion establishes a prima facie case that the party lacked timely notice and invokes the trial court's jurisdiction "for the limited purpose of holding an evidentiary hearing to determine the date on which the party or its counsel first received notice or acquired knowledge of the judgment."  *Id.*

We review the trial court's finding of the date a party received notice of judgment according to the legal and factual sufficiency standards of review.  *Scott v. S2S Domain Waco Assocs., LLC*, No. 10-20-00133-CV, 2021 WL 5639086, at *4 (Tex. App.—Waco Dec. 1, 2021, pet. denied) (mem. op.); *Nathan A. Watson Co. v. Emps. Mut. Cas. Co.*, 218 S.W.3d 797, 800–01 (Tex. App.—Fort Worth 2007, no pet.).  Under both standards, the trial judge, as the factfinder, is the sole arbiter of the weight of the evidence and the witnesses' credibility.  *See Nathan A. Watson Co.*, 218 S.W.3d at 801; *Texaco, Inc. v. Phan*, 137 S.W.3d 763, 767–68 (Tex. App.—Houston [1st Dist.] 2004, no pet.).  When there is no reporter's record, we must presume that sufficient evidence was introduced to support both the trial court's express findings and any omitted findings necessary to support the order.  *See Mays v. Pierce*, 154 Tex. 487, 493, 281 S.W.2d 79, 82 (1955).

---

[7]Texas Rule of Appellate Procedure 4.2(a)(1) similarly addresses the extension of appellate deadlines when a party did not receive notice of a trial court's judgment, but that appellate rule does not operate to extend the time deadline to file a motion for new trial under the Texas Rules of Civil Procedure.  *See* Tex. R. App. P. 4.2(a)(1); *Powell v. McCauley*, 126 S.W.3d 158, 160–61 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (comparing Tex. R. App. P. 4.2(a)(1) and Tex. R. Civ. P. 306a).

## 2. Denial of Rule 306a Motion

Following a hearing, the trial court denied Ong's Rule 306a motion and found that he had received notice of the judgment on August 9, 2024. After Ong filed his notice of appeal, the trial court's reporter informed us that she did not locate any records for this case, including the December 3, 2024 hearing on Ong's motions.[8] Thus, the record before us is limited to the clerk's record.

The burden is on Ong to bring forward a sufficient record showing error that requires reversal. *See Christiansen v. Prezelski*, 782 S.W.2d 842, 843 (Tex. 1990); *see also Sam F. v. Hamamiyah*, No. 02-14-00109-CV, 2014 WL 6493588, at *2 (Tex. App.—Fort Worth Nov. 20, 2014, no pet.) (mem. op.) (stating that, without a reporter's record, the court could not tell whether appellant revoked his consent to an agreed decree). Because there is no reporter's record, we must presume that any evidence presented to the trial court at the hearing was sufficient to support its order denying Ong's Rule 306a motion. *See Wood v. Tex. Dep't of Pub. Safety*, 331 S.W.3d 78, 79–80 (Tex. App.—Fort Worth 2010, no pet.) (explaining that when we do not have a reporter's record, we indulge every presumption in favor of the trial court's judgment); *see also Schafer v. Conner*, 813 S.W.2d 154, 155 (Tex. 1991). In the absence of a reporter's record, we can consider and decide only those issues that do not require a reporter's record for a decision. *See* Tex. R. App. P. 37.3(c).

---

[8]Ong does not complain on appeal of any failure by the court reporter to take down a record of the hearing nor assert that he requested such a record.

8

Here, the trial court's order reflects that it received and considered evidence prior to denying Ong's Rule 306a motion. The trial court's order states that the denial was "based upon the evidence and taking into consideration the contents of the Court's file (Judicial Notice was taken of such) and the reliability of the evidence and argument from both parties."

We have no record of what Ong presented to the trial court that may have controverted Wang and Ko's evidence. Because Ong opted to request neither that the hearing be recorded nor that the trial court make findings of fact and conclusions of law, we do not know what testimony supported the trial court's denial of his Rule 306a motion.[9]

Having no reporter's record, we accept the trial court's finding that Ong received notice of the judgment on August 9, 2024, and conclude that he has failed to show that the trial court erred in denying the Rule 306a motion. *See Wood*, 331 S.W.3d at 79–80. We overrule Ong's first issue.

---

[9]Ong argues in his brief—and without a reporter's record, we are uncertain if he made this argument to the trial court—that his Rule 306a motion should have been granted because Wang and Ko had the clerk mail the judgment to his Texas residence despite their knowing that he was living in California. When a default judgment is issued, Texas Rule of Civil Procedure 239a requires the party taking the default judgment to certify the last known email address and mailing address of the party against whom the judgment is taken. Ong's declaration in support of his Rule 306a motion dilutes his argument. Above his signature in the declaration, Ong attested to his current address—the exact address where Wang and Ko had mailed the citation and the subsequent judgment.

### 3. Denial of Motion for New Trial

Because the trial court did not err in denying Ong's Rule 306a motion, the trial court's signed final judgment on August 5, 2024, remains unmodified. Thus, for his motion for new trial to be timely, Ong's motion had to be filed prior to or within 30 days after the judgment was signed, which would be September 4, 2024. *See* Tex. R. Civ. P. 329b(a). However, Ong filed his motion for new trial on October 15, 2024—over a month beyond the deadline. Accordingly, we hold that Ong's motion for new trial is untimely, and thus, as we explain below, we lack jurisdiction to reach the merits of his second issue—whether the trial court abused its discretion in denying his motion for new trial.

## B. JURISDICTION

Because the trial court denied Ong's Rule 306a motion and because his motion for new trial is untimely, we next consider the timeliness of his notice of appeal.

### 1. Applicable Law

Absent a timely filed notice of appeal, this court does not have jurisdiction over an appeal. *Wilkins v. Methodist Health Care Sys.*, 160 S.W.3d 559, 564 (Tex. 2005). When an appellant has not filed a timely motion for new trial, motion to modify the judgment, motion to reinstate, or request for findings of fact and conclusions of law, a notice of appeal from a final judgment must be filed within thirty days after the judgment is signed. Tex. R. App. P. 26.1(a).

"[C]ourts always have jurisdiction to determine their own jurisdiction." *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 146 n.14 (Tex. 2012) (internal quotations omitted); *see also M.O. Dental Lab v. Rape*, 139 S.W.3d 671, 673 (Tex. 2004) (reviewing court is obligated to review issues affecting jurisdiction); *Royal Indep. Sch. Dist. v. Ragsdale*, 273 S.W.3d 759, 763 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (jurisdiction is fundamental in nature and cannot be ignored). Whether we have jurisdiction is a question of law, which we review de novo. *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

### 2. Ong's Notice of Appeal is Untimely

The trial court signed the final judgment on August 5, 2024, and Ong filed his notice of appeal on November 14, 2024. Ong attempted to file a deadline-extending motion[10]—motion for new trial—that would have extended the time to file his notice of appeal, but as we have held, that motion is untimely. Thus, like his motion for new trial, Ong had to file his notice of appeal prior to or within 30 days after the judgment was signed, or by September 4, 2024. *See* Tex. R. Civ. P. 329b(a); *see also* Tex. R. App. P. 26.1. However, Ong did not file his notice of appeal until November 14, 2024.

The time for filing a notice of appeal is jurisdictional in this court, and without a timely filed notice of appeal or a timely filed extension request, we must dismiss the

---

[10]We recognize that we may extend the time to file the notice of appeal if, within fifteen days after the deadline for filing the notice of appeal, the party files the notice of appeal in the trial court and files a motion for extension of time in the appellate court. *See* Tex. R. App. P. 26.3. However, even under Rule 26.3, Ong's notice of appeal would still be untimely.

appeal. *See* Tex. R. App. P. 2, 25.1(b), 26.1, 26.3; *Jones v. City of Houston*, 976 S.W.2d 676, 677 (Tex. 1998); *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997). Because the notice of appeal was not timely filed, we were concerned that we may not have jurisdiction over the appeal. *See* Tex. R. App. P. 25.1(b). We sent Ong a letter that expressed our concern that we lack jurisdiction over the appeal because the notice of appeal was untimely and inquired whether his appeal was intended to be a restricted appeal.[11] We further explained that, if he intended to pursue a restricted appeal, his notice of appeal was defective because it did not contain the required information under Texas Rule of Appellate Procedure 25.1(d)(7), and we directed him to file an amended notice of appeal with the requested information.[12] *See* Tex. R. App. P. 25.1(d)(7). Ong responded to our letter, but even after we informed him of the

---

[11]A restricted appeal is a procedural device available to a party who did not participate, either in person or through counsel, in a hearing that resulted in a judgment against the party. Tex. R. App. P. 30. To be entitled to a restricted appeal, an appellant must first show that it: (1) filed its notice of restricted appeal within six months after the trial court signed the judgment or order; (2) is a party to the suit; (3) did not participate in the hearing that resulted in the judgment complained of; and (4) did not timely file any post-judgment motion or request for findings of fact and conclusions of law, or a notice of appeal within the time permitted by Rule 26.1(a). Tex. R. App. P. 26.1(a), (c), 30; *Clopton v. Pak*, 66 S.W.3d 513, 515 (Tex. App.—Fort Worth 2001, pet. denied).

[12]We have previously determined that a Rule 306a motion that does not seek to vacate the trial court's judgment is not a post-judgment motion that extends appellate deadlines and that does not preclude a restricted appeal. *See Aviation Composite Techs., Inc. v. CLB Corp.*, 131 S.W.3d 181, 185–86 (Tex. App.—Fort Worth 2004, no pet.).

defects and directed him to file an amended notice of appeal, he refused to do so, claiming specifically that this is not a restricted appeal.[13]  Tex. R. App. P. 25.1(d)(7).

We construe Ong's appeal as requested, and because he unequivocally expressed his desire to not pursue a restricted appeal, his notice of appeal had to be filed within 30 days from the trial court's signed judgment to be timely.  *See* Tex. R. Civ. P. 329b(a).  The trial court signed the final judgment on August 5, 2024, making the notice of appeal due by September 4, 2024, and yet, Ong did not file his notice of appeal until November 14, 2024—seventy-one days beyond the time to perfect his appeal.  Accordingly, we hold that Ong's notice of appeal is untimely, and thus, we lack jurisdiction over his appeal.  *See* Tex. R. App. P. 25.1(b), 26.1.

## IV.  CONCLUSION

Having held that Ong's notice of appeal is untimely, we dismiss this appeal for want of jurisdiction.  *See* Tex. R. App. P. 26.1, 42.3(a), 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Delivered:  June 5, 2025

---

[13]Despite expressing our concern that we may lack jurisdiction over his appeal, Ong's brief did not attempt to further address this jurisdictional issue.

13